NICHOLSON v BIRMINGHAM BOARD OF REVIEW

Docket No. 119943. Submitted January 8, 1991, at Detroit. Decided September 16, 1991, at 9:05 A.M.

Pamela A. Nicholson brought an action in the Oakland Circuit Court against the Birmingham Board of Review, the Birmingham Supervisor, and the Michigan Tax Tribunal, seeking review by either the court or the Tax Tribunal of a denial by the board of review of her claim for an exemption from real property taxes because of poverty, MCL 211.7u; MSA 7.7(4r), for tax years 1988 and 1989. The plaintiff previously had petitioned the Tax Tribunal for review of a similar denial for tax years 1986 and 1987. The Tax Tribunal dismissed that petition, ruling that it lacked jurisdiction. The court, Hilda R. Gage, J., granted summary disposition for the board of review and the supervisor and dismissed the complaint, determining that the Tax Tribunal had exclusive jurisdiction. The plaintiff appealed.

The Court of Appeals *held:*

The Tax Tribunal has exclusive jurisdiction over an appeal from a board of review's denial of a claim for an exemption from property taxes because of poverty.

1. MCL 205.731; MSA 7.650(31) provides that the Tax Tribunal has exclusive and original jurisdiction over a proceeding for direct review of a final determination relating to an assessment under the property tax laws and a proceeding for refund or redetermination of a tax under the property tax laws.

2. Remand to the Tax Tribunal is required for a review of the decision by the board of review to deny the poverty exemption for tax years 1988 and 1989.

3. Review of the Tax Tribunal's dismissal of the plaintiff's petition regarding the poverty exemption for tax years 1986 and 1987 is precluded because the plaintiff did not pursue a timely appeal of that dismissal.

Remanded to the Tax Tribunal.

REFERENCES

Am Jur 2d, State and Local Taxation §§ 798, 802, 811.

See the Index to Annotations under Appeal and Error; Exhaustion of Remedies; Taxes.

Taxation — Property Taxes — Poverty Exemption — Appeal.
   An appeal from a denial by a board of review of an exemption
   from property taxes because of poverty is within the exclusive
   jurisdiction of the Michigan Tax Tribunal (MCL 205.731,
   211.7u; MSA 7.650[31], 7.7[4r]).

*Paul Lieberman,* for Pamela A. Nicholson.

*Beier Howlett* (by *John D. Staran*), for Birmingham Board of Review and Birmingham Supervisor.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Richard R. Roesch* and *Ross H. Bishop,* Assistant Attorneys General, for Michigan Tax Tribunal.

Amici Curiae:

*Marilyn Mullane,* for Michigan Legal Services.

*Robert Gillett,* for Legal Services of Southeastern Michigan.

Before: Jansen, P.J., and Wahls and Hood, JJ.

Wahls, J. Plaintiff is the co-owner of a parcel located in the City of Birmingham. Plaintiff appeals as of right from a circuit court order that dismissed her appeal of a denial of a property tax exemption by the Birmingham Board of Review. The circuit court held that it lacked jurisdiction to hear plaintiff's claim. We agree with the circuit court and remand this case to the Michigan Tax Tribunal for further proceedings.

Plaintiff had sought an exemption from real property taxes pursuant to § 7u of the General Property Tax Act, MCL 211.1 *et seq.;* MSA 7.1 *et seq.* Section 7u allows the following exemption:

   The real and personal property of persons who,

in the judgment of the supervisor and board of review, by reason of poverty, are unable to contribute toward the public charges is exempt from taxation under this act. [MCL 211.7u; MSA 7.7(4r).]

Plaintiff's application for an exemption from her 1986 and 1987 property tax assessments was denied by the Birmingham Board of Review (Birmingham is a home rule city and the inclusion of its supervisor as a party is a misnomer). Plaintiff appealed the denial to the Tax Tribunal. In December 1987, the Tax Tribunal sua sponte dismissed plaintiff's appeal on the ground that it lacked jurisdiction. This is apparently a matter of standard practice for the Tax Tribunal when appeals claiming § 7u exemptions are brought before it. Plaintiff did not claim an appeal to this Court from the decision of the Tax Tribunal.

Plaintiff later appealed her 1988 and 1989 tax assessments to the board of review and again requested a § 7u exemption. The board denied her request, and plaintiff brought an action in the Oakland Circuit Court. The circuit court, although troubled by the equities of its ruling, held that the Tax Tribunal had exclusive jurisdiction to hear plaintiff's appeal and dismissed plaintiff's complaint on the city's motion. This appeal followed.

In this case of first impression, we hold that the plain language of the Tax Tribunal Act, MCL 205.701 *et seq.*; MSA 7.650(1) *et seq.*, vests the Tax Tribunal with exclusive jurisdiction to hear claims for exemptions under § 7u following a taxpayer's unsuccessful request for the exemption before a board of review.

The jurisdiction of the Tax Tribunal is granted by statute. When construing statutory provisions, this Court must discover and give effect to the

intent of the Legislature. *Storey v Meijer, Inc,* 431 Mich 368, 376; 429 NW2d 169 (1988); *Wills v Iron Co Bd of Canvassers,* 183 Mich App 797, 801; 455 NW2d 405 (1990). Where a statute is clear and unambiguous, however, judicial construction is not warranted and the law must be enforced as written. *Storey, supra; Hiltz v Phil's Quality Market,* 417 Mich 335, 343; 337 NW2d 237 (1983); *Berry v Belleville,* 178 Mich App 541, 548; 444 NW2d 222 (1989). We also note that this Court will review decisions of the Tax Tribunal for errors of law or the adoption of a wrong principle. Const 1963, art 6, § 28; *Dow Chemical Co v Dep't of Treasury,* 185 Mich App 458, 462; 462 NW2d 765 (1990).

The jurisdiction of the Tax Tribunal is set forth in MCL 205.731; MSA 7.650(31):

> The tribunal's exclusive and original jurisdiction shall be:
>
> (a) A proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to *assessment,* valuation, rates, special assessments, allocation, or equalization, under property tax laws.
>
> (b) A proceeding for *refund or redetermination* of a tax under the property tax laws. [Emphasis added.]

The Tax Tribunal Act further defines "proceeding" as "an appeal." MCL 205.703; MSA 7.650(3). Here, plaintiff is clearly seeking a redetermination of the amount of tax assessed by the city. Any doubt that the Tax Tribunal has jurisdiction is removed by MCL 205.735(1); MSA 7.650(35)(1), which provides in relevant part:

> A proceeding before the tribunal shall be original and independent and shall be considered de novo. *In the case* of an assessment dispute as to

the valuation of the property or *where an exemption is claimed, the assessment must be protested before the board of review before the tribunal may acquire jurisdiction of the dispute* . . . .

The defendant Tax Tribunal argues that § 7u determinations by a board of review may not be appealed at all. This argument is contrary to its position below, where it claimed that jurisdiction lay with the circuit courts. Nonetheless, because this issue is jurisdictional, we have reviewed the Tax Tribunal's argument, *In re Kus Estate,* 136 Mich App 343; 356 NW2d 23 (1984), but find it without merit.

The Tax Tribunal provides no relevant authority to support a distinction between review of denial of § 7u exemptions and review of denial of other exemptions allowed by the General Property Tax Act. Although § 7u plainly grants local officials the discretion to approve or deny requests for that exemption, it does not necessarily follow that a taxpayer's right to review ends at that level. See, e.g., *King v Director of the Midland Co Dep't of Social Services,* 73 Mich App 253; 251 NW2d 270 (1977), where this Court held that statutory language that facially appeared to give county officials absolute discretion in the amount of funding necessary to maintain various welfare services under the Social Welfare Act, MCL 400.1 *et seq.*; MSA 16.401 *et seq.*, must give way to other language requiring the county to appropriate funds in any amounts sufficient to maintain the program. Here, there is no question that § 7u is an exemption to the general property tax; the Tax Tribunal has jurisdiction to hear claims of exemption following a protest to a board of review. MCL 205.735(1); MSA 7.650(35)(1). We conclude that this avenue of appeal is applicable to exemptions

claimed under § 7u. To hold otherwise would allow boards of review unfettered discretion in determining who, if anyone, is "unable to contribute to the public charges." MCL 211.7u; MSA 7.7(4r). We also note that the dangers of abuse of discretion by local officials are particularly apparent in this case, where the board of review's explanation of the denial (which apparently was not revealed until the case came before the circuit court) was inadequate.

The question that remains is the form of relief to be awarded plaintiff. Plaintiff did not pursue an appeal as of right to this Court from the Tax Tribunal's December 1987 decision that it lacked jurisdiction. MCL 205.753; MSA 7.650(53). An appeal from a final order or decision of the Tax Tribunal must be taken within twenty days after the entry of the order or within twenty days after a timely motion for rehearing is denied. MCL 205.753(2); MSA 7.650(53)(2). Because the Michigan Constitution provides that the jurisdiction of this Court is established by law, Const 1963, art 6, § 10, and because plaintiff failed to claim an appeal within twenty days after the Tax Tribunal's decision was entered, this Court is without jurisdiction to review the Tax Tribunal's decision regarding plaintiff's claimed exemption from the 1986 and 1987 property tax assessments. See *Detroit v Lucas,* 180 Mich App 47, 50-51; 446 NW2d 596 (1989).

As for the instant appeal, we first reject plaintiff's argument that the circuit court possesses equitable jurisdiction over her request for an exemption. Such a request is clearly within the exclusive province of the Tax Tribunal. *Wikman v Novi,* 413 Mich 617, 644-646; 322 NW2d 103 (1982); *Johnston v Livonia,* 177 Mich App 200; 441 NW2d 41 (1989). Remand to the circuit court is thus inappropriate.

Were we to simply affirm the order of the circuit court, however, plaintiff would be without a forum to appeal the board of review's factually inadequate denial of her claim. Plaintiff's decision to file her complaint in the circuit court may have been based on the Tax Tribunal's earlier and erroneous denial of jurisdiction. Under these circumstances, in lieu of affirming the circuit court's order, we believe that different relief is required and therefore remand this case for further proceedings to the appropriate forum—the Tax Tribunal. MCR 7.216(A)(7).

We recognize that there are no established eligibility standards for a § 7u exemption. Such standards will no doubt evolve in time, guided by the statutory language that exempts from taxation the property of persons who "by reason of poverty, are unable to contribute toward the public charges." MCL 211.7u; MSA 7.7(4r). We reject the Tax Tribunal's argument that the various forms of public assistance available to needy persons somehow obviate the validity of § 7u and the availability of review; the receipt of such assistance is simply one of many possible factors that should be considered when assessing an application for the exemption.

In light of our disposition, we need not address plaintiff's alternative argument that the Tax Tribunal's denial of jurisdiction operated as res judicata upon the circuit court and established its jurisdiction. In any event, given that the tribunal's decision concerned a question of law and was erroneous, we would be loath to apply res judicata. *Young v Detroit City Clerk,* 389 Mich 333, 338-340; 207 NW2d 126 (1973).

Remanded to the Michigan Tax Tribunal.