W A FOOTE MEMORIAL HOSPITAL v CITY OF JACKSON
W A FOOTE MEMORIAL HOSPITAL v SUMMIT TOWNSHIP

Docket Nos. 244670-244672, 246122, 246124. Submitted May 5, 2004, at
Lansing. Decided June 8, 2004, at 9:10 A.M.

W. A. Foote Memorial Hospital, on July 2, 2002, the last day on which
it could send by certified mail to the Tax Tribunal four petitions
contesting tax assessments by the city of Jackson and one petition
contesting a tax assessment by Summit Township for the 2002 tax
year, sent the petitions by Federal Express priority overnight
delivery to the Tax Tribunal. The Tax Tribunal dismissed the
petitions for lack of jurisdiction. The petitioner appealed with
respect to each petition, and the appeals were consolidated.

The Court of Appeals *held*:

1. MCL 205.735(2) provides that the jurisdiction of the Tax
Tribunal in an assessment dispute is invoked by a petitioner filing
a written petition on or before June 30 of the tax year involved or
the next business day after June 30 if June 30 is a holiday, and that
except in the residential property and small claims division, a
petition is considered filed if sent by certified mail on or before
*June 30 or the next business day if June 30 is a holiday.*

2. "Certified mail," as used in MCL 205.735(2), refers to a
service of the United States Postal Service in which the sender is
provided a mailing receipt and the post office of address maintains
a record of delivery. "Certified mail," as used in the statute, does not
encompass delivery by private services such as Federal Express.

3. The petitioner's claim that the Tax Tribunal gave a hyper-
technical reading to the statute is similar to a claim that was
rejected by the Court of Appeals in *Electronic Data Sys Corp v
Madison Hts*, 253 Mich App 538 (2002) (*EDS*).

4. The certified mail requirement of MCL 205.735(2) does not
constitute a deprivation of property without due process of law in
light of the fact that Federal Express provides a similar record of
mailing. The certified mailing requirement is rationally related to
the legitimate governmental purpose of protecting the Tax Tribu-
nal from fraudulent claims with the assurance of a uniform record
of mailing provided by the United States Postal Service.

5. MCL 205735(2) does not violate equal protection under the law. The fact that MCL 205.735(2) creates a class of petitioners that may file by first-class mail (residential property and small claims division) and a class of petitioners that may file by certified mail (all other claims) is not arbitrary and capricious and is rationally related to the legitimate governmental interest in having the record of mailing under a uniform system of recording.

6. The *EDS* decision, which held that MCL 205.735(2) is a jurisdictional statute and that noncompliance by a petitioner with its requirements deprives the Tax Tribunal of jurisdiction over the petition, is binding pursuant to MCL 7.215(J)(1).

Affirmed.

TAXATION — TAX TRIBUNAL — ASSESSMENT DISPUTES — PETITIONS — CERTIFIED MAIL.

The jurisdiction of the Tax Tribunal in an assessment dispute not involving the residential property and small claims division is invoked by the filing of a written petition on or before June 30 of the tax year involved or the next business day after June 30 if June 30 is a holiday; a petition is considered filed if sent by certified mail on or before June 30 or the next business day after June 30 if June 30 is a holiday; certified mail refers to a service provided by United States Postal Service, and not to a delivery service provided by a private entity (MCL 205.735[2]).

*Kitch Drutchas Wagner DeNardis & Valitutti* (by *Michael J. Watza*) for W. A. Foote Memorial Hospital.

*Julius Giglio*, City Attorney, for city of Jackson.

*William A. Thompson* for Summit Township.

Before: MURRAY, P.J., and NEFF and DONOFRIO, JJ.

NEFF, J. In these consolidated cases, petitioner appeals as of right from the Michigan Tax Tribunal's orders dismissing petitioner's tax appeals for lack of jurisdiction. We affirm.

I

This case presents a narrow question of statutory

interpretation to decide whether the term "certified mail" under MCL 205.735(2) encompasses priority overnight delivery by Federal Express for the purpose of timely filing an appeal with the Michigan Tax Tribunal. We hold that the term "certified mail" refers to a classification of domestic mail provided by the United States Postal Service and therefore explicit statutory allowances for mailing by "certified mail" under MCL 205.735(2) are inapplicable to a petition sent via Federal Express delivery. We further hold that because the time requirements of MCL 205.735(2) are jurisdictional, the Tax Tribunal properly dismissed petitioner's appeals for lack of jurisdiction.

II

In 2002, respondents assessed taxes on certain real and personal property of petitioner. Petitioner claimed the property was exempt from taxation because petitioner was a tax-exempt, nonprofit charitable institution and hospital. Following adverse decisions by the respective boards of review, petitioner sought appeals before the Tax Tribunal pursuant to MCL 205.735.

Petitioner sent its tax appeal petitions on July 1, 2002, via Federal Express. The Tax Tribunal received the petitions on July 2, 2002. The Tribunal subsequently dismissed the appeals on the ground that the petitions were not timely filed, which deprived the Tax Tribunal of jurisdiction to hear the appeals under MCL 205.735.

The Tax Tribunal noted that MCL 205.735(2) required that the petitions be filed by June 30 of the tax year involved, or in this case, by July 1, 2002, "the next business day," since June 30, 2002, fell on a Sunday. Filing occurs by delivering a petition in person or by sending a petition by certified mail within the required

period. The petitions were untimely because they were not delivered in person or sent by certified mail by July 1, 2002. The Tax Tribunal denied petitioner's motions for reconsideration.

III

Petitioner argues that the Tax Tribunal erred in dismissing the appeals as untimely because Federal Express priority overnight mail is the equivalent of certified mail and therefore sending the petitions via Federal Express on July 1, 2002, constituted a timely filing. Petitioner's view is that the statute does not dictate that certified mail be done through the United States Postal Service. Further, by definition, certified mail is mail sent with proof of delivery and Federal Express provides such proof with a receipt for the date of mailing. We disagree.

A

In the absence of fraud, this Court reviews a decision of the Tax Tribunal to determine whether the tribunal committed an error of law or adopted a wrong legal principle. *Danse Corp v Madison Hts,* 466 Mich 175, 178; 644 NW2d 721 (2002); *Electronic Data Sys Corp v Flint Twp,* 253 Mich App 538, 541; 656 NW2d 215 (2002) (*EDS*). Issues concerning the interpretation and application of statutes are questions of law for this Court to decide de novo. *Danse Corp, supra.*

Courts may not speculate regarding the probable intent of the Legislature beyond the language expressed in a statute. *Cherry Growers, Inc v Agricultural Marketing & Bargaining Bd,* 240 Mich App 153, 173; 610 NW2d 613 (2000). We give the words of a statute their plain and ordinary meaning. *EDS, supra* at 545. If the

language of a statute is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written. *Id.*

B

MCL 205.735(2) states the following regarding jurisdiction of the Tax Tribunal:

> The jurisdiction of the tribunal in an assessment dispute is invoked by a party in interest, as petitioner, filing a written petition on or before June 30 of the tax year involved. Except in the residential property and small claims division, *a written petition is considered filed by June 30 of the tax year involved if it is sent by certified mail on or before June 30 of that tax year.* . . . All petitions required to be filed or served by a day during which the offices of the tribunal are not open for business shall be filed by the next business day. . . . [Emphasis added.]

In *EDS, supra,* this Court considered the same essential issues presented in this case, in the context of petitions that were sent by first-class mail. The petitioner mailed its petitions for appeal on June 30 of the tax year involved, but did so via ordinary first-class mail. *Id.* at 540. The Tax Tribunal received the petitions on July 2, but thereafter dismissed the appeals, ruling that the petitions were untimely because they were not delivered or sent by certified mail on or before June 30 as required by MCL 205.735(2). On appeal to this Court, the petitioner argued that the use of certified mail should not be required as it was merely form over substance. *Id.* at 546. This Court disagreed, holding that MCL 205.735(2) clearly and unambiguously provided for filing by certified mail, which did not include ordinary first-class mail. *EDS, supra* at 542, 546-547. We conclude that the analysis in *EDS* applies in this case and compels a similar result.

MCL 205.735 is a jurisdictional statute and the time requirements for filing appeal petitions are jurisdictional in nature. *EDS, supra* at 542-543. An untimely filing under MCL 205.735(2) deprives the Tax Tribunal of jurisdiction to consider the petition and it is therefore properly dismissed. *EDS, supra* at 544.

The statute is clear and unambiguous in its provision for filing by "certified mail," and the term must be accorded its plain and ordinary meaning. *Id.* at 545-546; see also *Koontz v Ameritech Services, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002) (when a term is undefined in the statute, this Court may consult a dictionary to discern the term's plain and ordinary meaning). The dictionary defines "certified mail" as "uninsured first-class mail requiring proof of delivery." *EDS, supra* at 546, quoting *Random House Webster's College Dictionary* (1997). " 'Certified mail' is a particular and definitive classification of postal service available from the US Postal Service, which is defined by federal regulation as a 'service that provides a mailing receipt to the sender and a record of delivery at the office of address.' " *Bartareau v Executive Business Products, Inc*, 846 SW2d 248, 250 (Mo App, 1993), citing 39 CFR 3001.68 (1992). Similarly, in *EDS, supra* at 546, this Court stated:

> "Certified mail service provides the sender with a mailing receipt, and a delivery record is maintained *by the Postal Service*. No record is kept at the office from which certified mail is mailed. No insurance coverage is provided. Certified mail is dispatched and handled in transit as ordinary mail." [Quoting the United States Post Office Domestic Mail Manual (emphasis added).]

The *EDS* Court noted that there was a material difference between certified mail and first-class mail:

> [C]ertified mail does two things that first-class mail does not: certified mail provides the sender with a mailing

receipt and a record of delivery is maintained *at the post office* of address. These documents provide proof of mailing, while first-class mail provides no such proof, where the date of mailing the petition is crucial to establishing the date of filing and, therefore, invoking the Tax Tribunal's jurisdiction.

\* \* \*

The purpose of certified mailing is to provide a record of the date of mailing, because mailing is the event that invokes the jurisdiction of the Tax Tribunal, and to prevent stale claims. First-class mail does not provide any receipt showing when the mail is actually mailed by the post office. Certified mail provides the sender with a receipt and, therefore, acts as a time stamp for the petition. . . . Sending the petition by certified mail also protects the Tax Tribunal from fraudulent claims that a petition was timely mailed because it is the *post office* that provides a receipt for the sender. In this regard, all the parties are better protected by the requirement of certified mail because if the petition is never received, the sender has a receipt to prove that a petition had been timely filed and the appeal will not be lost because of a failure of the post office to deliver the original petition. [*Id.* at 546, 549-550 (emphasis added).]

Under the same analysis, there is a material difference between United States Postal Service certified mail and overnight priority delivery by Federal Express. Federal Express overnight priority delivery is not the equivalent of "certified mail" for the purpose of invoking the jurisdiction of the Tax Tribunal.

As noted above, the dictionary defines certified mail as "uninsured first-class mail requiring proof of delivery." *Id.* at 546. The term "mail" is defined as "letters, packages, etc., sent or delivered by the *postal service.*" *Random House Webster's College Dictionary, supra* (emphasis added). In turn, "postal service" refers to the

"post office," which is "an office or station of a government postal system at which mail is received and sorted, from which it is dispatched and distributed . . . ." *Id.* Accordingly, in *EDS,* with respect to certified mail, the Court specifically referred to receipts provided and records maintained by the *post office* or the *postal service.* *EDS, supra* at 546-547, 550 (emphasis added).

We conclude that the plain and ordinary meaning of the term "certified mail" in MCL 205.735(2) encompasses only "mail" sent by the United States Postal Service—not delivery by private carrier services.[1] Although petitioner advocates a contrary conclusion, petitioner does not argue that it mailed its petitions via Federal Express "certified mail" or that any mail carrier other than the United States Postal Service in fact provides "certified mail" delivery. Thus, petitioner's own view belies any argument that "certified mail" is a generic term that would include Federal Express overnight priority mail within its ordinary meaning.

We find that the appeal petitions in this case were not timely filed under MCL 205.735(2). The Tax Tribunal therefore properly dismissed the petitions for lack of jurisdiction.

IV

Petitioner argues that the Tax Tribunal gave a hypertechnical reading to the statute by not accepting Federal Express overnight priority delivery as certified mail.

---

[1] Our conclusion is further supported by the Legislature's provision in MCL 8.11 that whenever the term "registered mail" is used in the statutes of this state, the term shall be deemed to include the term "certified mail" and that certified mail shall be postmarked. "Postmarked" refers to "an official mark stamped on mail passed through a postal system, showing the place and date of sending or receipt." *Random House Webster's College Dictionary, supra.*

Petitioner insists that such a construction and application of the statute is contrary to the purpose of MCL 205.735, which is to ensure timely filing of petitions. We disagree. This Court specifically rejected a nearly identical argument in *EDS, supra.* The *EDS* Court found no merit in the petitioner's argument that the Tax Tribunal gave a hypertechnical reading to the statute. *Id.* at 545. The rule of stare decisis generally requires courts to reach the same result when presented with the same or substantially similar issues in another case with different parties. *Nawrocki v Macomb Co Rd Comm,* 463 Mich 143, 180; 615 NW2d 702 (2000); *Topps-Toeller, Inc v City of Lansing,* 47 Mich App 720, 729; 209 NW2d 843 (1973). *EDS* is therefore controlling on this issue and petitioner's argument fails.

V

Next, in the alternative, petitioner argues that if Federal Express priority overnight delivery does not meet the requirements of MCL 205.735(2), then the certified mail requirement constitutes a deprivation of property without due process of law. Petitioner contends that because Federal Express provides a similar record of mailing, there is no rational basis for the rule that only certified mail can be used to meet the requirements of the statute. We disagree.

The petitioner in *EDS* presented essentially the same due process claim, which the Court rejected. The due process clauses of the United States and Michigan constitutions provide that no one may be deprived life, liberty, or property without due process of law. US Const, Am XIV; Const 1963, art 1, § 17; *EDS, supra* at 549. Petitioner's claim is one of substantive due process, the underlying purpose of which is to secure the individual from the arbitrary exercise of governmental

power. *Id*. The applicable test is whether the law is rationally related to a legitimate government purpose. *Id*.

One of the legitimate government purposes of requiring United States Postal Service certified mail is to protect the Tax Tribunal from fraudulent claims. *EDS, supra* at 550. If delivery by private carriers such as Federal Express were deemed acceptable, then the reliability and uniformity associated with certified mail would disappear. The Tax Tribunal, the courts, and litigants would face an array of record systems, jeopardizing the efficient and just resolution of tax appeals. Conceivably, any carrier or person could claim to be a carrier service and offer up a package receipt as genuine. While a record of certified mail could also be fabricated, in amending the statute to permit filing by "certified mail," *id*. at 550, the Legislature clearly intended a certain degree of uniformity regarding where and with whom the record of mailing would be maintained to avoid such complications in invoking the jurisdiction of the Tax Tribunal.

Although petitioner argues that it is unreasonable or arbitrary to permit filing by only certified mail and not Federal Express delivery, the reasoning in *EDS, supra* at 549-550, applies in the context of private delivery service as well as in the context of first-class mail. The Legislature's requirement is rationally related to its interest in a uniform record of mailing provided by the United States Postal Service. We conclude the requirement does not violate substantive due process.

VI

Petitioner also argues that MCL 205.735(2) violates the equal protection clauses of the United States and

Michigan constitutions because it creates arbitrary classes of taxpayers by creating two categories of filings: (1) claims filed in the residential property and small claims division, which can be accomplished via first-class mail (which petitioner apparently views as including Federal Express delivery), and (2) all other claims, which require the use of certified mail.

The equal protection clauses of the United States and Michigan constitutions provide that no person shall be denied the equal protection of the law. US Const, Am XIV; Const 1963, art 1, § 2; *EDS, supra* at 551. " 'The essence of the Equal Protection Clauses is that the government not treat persons differently on account of certain, largely innate, characteristics that do not justify disparate treatment.' " *EDS, supra* at 551, quoting *Crego v Coleman,* 463 Mich 248, 258; 615 NW2d 218 (2000).

As with petitioner's due process challenge, a nearly identical equal protection argument was analyzed in *EDS,* in which where we held that "[t]he fact that the statute creates a class of petitioners that may file by first-class mail (small claims division) and a class of petitioners that may file by certified mail (all other claims) is not arbitrary and capricious." *EDS, supra* at 553. This state has a legitimate interest in having the record of mailing a petition under a uniform system of recording, i.e., the United States Postal Service, and therefore the certified mail requirement is rationally related to a legitimate government purpose. *EDS, supra* at 553-554. Accordingly, MCL 205.735(2) does not violate the equal protection clauses.

VII

Finally, petitioner argues that *EDS* was wrongly decided with respect to its holding that MCL 205.735(2)

is a jurisdictional statute. Petitioner contends that the time requirements in MCL 205.735(2) are only procedural requirements and petitioner's failure to meet those requirements is not a basis for dismissing its petitions. As noted above, this Court is bound by the decision in *EDS* pursuant to MCR 7.215(J)(1). "MCL 205.735(2) by its very terms—'[t]he jurisdiction of the tribunal . . . is invoked by a party in interest, as petitioner, filing a written petition on or before June 30 of the tax year involved'—is a jurisdictional statute." *EDS, supra* at 542-543.

VIII

Unlike private carriers or delivery services, the United States Postal Service and its employees are subject to myriad laws and regulations governing the classification and handling of mail. The Legislature's decision to permit filing of a tax appeal petition by "certified mail" was undoubtedly guided by the uniformity and regulation inherent in the United States Postal Service in general, and certified mail in particular. Petitioner's remedy with regard to the limitations imposed by the statute rests with the Legislature, not the courts.

Affirmed.