# STATE OF MICHIGAN

# COURT OF APPEALS

KAREN SPRANGER,

 Petitioner-Appellant,

v

CITY OF WARREN,

 Respondent-Appellee.

FOR PUBLICATION
December 16, 2014

No. 316180
Michigan Tax Tribunal
LC No. 00-440727

Before: OWENS, P.J., and JANSEN and O'CONNELL, JJ.

OWENS, P.J. (*dissenting*).

I respectfully dissent from the majority opinion and would affirm the judgment of the Tax Tribunal denying petitioner a poverty exemption against her 2012 property taxes for the residential property that she owned in the city of Warren.

I agree with the majority that the board of review violated state statute, MCL 211.30(3), and petitioner's due process rights by failing to adequately notify her of the special hearing date and afford her a meaningful opportunity to be heard. However, because petitioner had a de novo hearing before the Tax Tribunal, see MCL 205.735a(2), where she was given a meaningful opportunity to be heard, I would conclude that the constitutional error committed by the board of review was cured. Thus, I find it unnecessary to remand to the Tax Tribunal for another hearing.

Following the denial of her request for a poverty exemption by the board of review, petitioner appealed to the Tax Tribunal. The hearing before the Tax Tribunal was "original and independent and is considered de novo." MCL 205.735a(2). Petitioner was provided the opportunity to be heard and allowed to supplement her application. In fact, petitioner presented additional documentation to the Tax Tribunal, which included a previous decision by the Tax Tribunal and four documents showing that DHS paid her utility bills in July 2010, October 2010, June 2011, and January 2011. Additionally, petitioner and her sister testified at the hearing. Further, a proposed judgment was entered following the hearing, in which petitioner had the opportunity to file exceptions, but did not do so. Unlike the plaintiff in *Nicholson v Birmingham*

-1-

*Bd of Review*, 191 Mich App 237, 243; 477 NW2d 492 (1991),[1] which is cited by the majority, petitioner was not left without a forum to appeal the board of review's denial of her claim, as the Tax Tribunal in this case has considered petitioner's case de novo. See MCL 205.735a(2). Nevertheless, despite presenting testimony and additional documentation, petitioner still failed to supply the Tax Tribunal with the information necessary to calculate her income. As the Tax Tribunal found, petitioner did not provide an actual dollar amount of the governmental and family assistance she received. Further, petitioner included a 1997 GMC 2W Jimmy in her list of assets, but her sister testified that she actually owned the vehicle and paid for the expenses. Petitioner carries the burden to prove, by a preponderance of the evidence, that she is entitled to the poverty exemption. *ProMed Healthcare v Kalamazoo*, 249 Mich App 490, 494-495; 644 NW2d 47 (2002). Accordingly, I would affirm the judgment of the Tax Tribunal.

/s/ Donald S. Owens

---

[1] In *Nicholson*, the board of review denied the plaintiff's request for an exemption from her 1986 and 1987 property tax assessments. *Nicholson*, 191 Mich App at 239. The plaintiff appealed to the Tax Tribunal, which dismissed her appeal on the ground that it lacked jurisdiction. *Id.* The board of review later denied the plaintiff's request for an exemption for her 1988 and 1989 property tax assessments. *Id.* The plaintiff appealed to the circuit court, which dismissed plaintiff's claim on the ground that the Tax Tribunal had exclusive jurisdiction. *Id.* The plaintiff then appealed to this Court. *Id.* Thus, unlike the present case, the Tax Tribunal never heard the merits of either case in *Nicholson*. Because the Tax Tribunal erred in dismissing plaintiff's first appeal, and that likely influenced the plaintiff's decision to file her complaint in circuit court the second time, this Court held that the only available remedy was to remand the matter to the Tax Tribunal, the appropriate forum, to determine whether the plaintiff was entitled to the tax exemption. *Id.* at 243.