# STATE OF MICHIGAN

# COURT OF APPEALS

EARL WALTER STILSON,

Petitioner-Appellant,

v

TOWNSHIP OF CLAY,

Respondent-Appellee.

UNPUBLISHED
October 11, 2018

No. 341679
Tax Tribunal
LC No. 17-003930

Before: CAVANAGH, P.J., and MARKEY and LETICA, JJ.

PER CURIAM.

Plaintiff appeals as of right an order of the Michigan Tax Tribunal dismissing his appeal petition as untimely under MCL 205.735a. We affirm.

On May 23, 2017, a quit claim deed was executed which transferred real property known as "9334 North River Road, Clay Township, MI 48001," from G & E Development Co, LLC, located at 30134 South River Road, Harrison Township, MI 48045, to plaintiff, whose address was the same—30134 South River Road, Harrison Township, MI 48045. Plaintiff was also the authorized member of G & E Development executing the transfer of deed.

On May 30, 2017, plaintiff executed and submitted to Clay Township a State Tax Commission Affidavit for Disabled Veterans Exemption, which "is to be used to apply for an exemption of property taxes under MCL 211.7b, for real property used and owned as a homestead by a disabled veteran . . . ." Plaintiff indicated that he was the owner of the subject property located at 9334 North River Road, Clay Township, MI 48001, for which he was seeking the property tax exemption. Plaintiff listed his mailing address as 30134 South River Road, Harrison Township, MI 48045.

By letter dated July 5, 2017, plaintiff was advised that the Clay Township Board of Review would meet regarding his application for a veteran's property tax exemption on July 18, 2017, at 9 a.m., at the Clay Township Meeting Hall. Plaintiff contacted the assessor regarding the meeting and was apparently told that there was no need for him to attend.

On July 18, 2017, plaintiff's application for a veteran's property tax exemption was considered by the Clay Township Board of Review at their July meeting, and it was denied on the grounds of residency in that plaintiff was not living at the subject property for which he sought the exemption, i.e., it was not his "homestead." The Clay Township Board of Review

-1-

completed its required affidavit, denying the exemption, which was certified by its three members and dated July 18, 2017.

Subsequently, the Clay Township Assessor, Barbara Schutt, mailed a "Notice of Denial of Principal Residence Exemption" to plaintiff. The cover letter was dated July 18, 2017, but the date that Schutt signed the notice of denial was July 31, 2017; thus, it appears the notice was sent to plaintiff on or after July 31, 2017. The notice of denial set forth the homeowner's right to appeal the decision, stating: "If you disagree with this denial, you may appeal to the Residential/Small Claims Division of the Michigan Tax Tribunal within 35 days of the denial." The "2017 July Board of Review Change Notice" that was sent to plaintiff was also dated July 31, 2017, but in the body of the notice it stated that, on July 18, 2017, the July Board of Review denied plaintiff's application for a veteran's property tax exemption and that the decision could be appealed to the Tax Tribunal within 35 days after the final decision, ruling or determination.

On September 5, 2017, plaintiff filed a petition with the Residential/Small Claims Division of the Michigan Tax Tribunal appealing the decision of the Clay Township Board of Review. According to the Notice of Denial of Principal Residence Exemption, plaintiff had 35 days to file his appeal. Because the notice of denial was signed by the assessor on July 31, 2017, and Labor Day fell on September 4, plaintiff claimed that his appeal was timely filed within 35 days of July 31, 2017.

On October 20, 2017, the Michigan Tax Tribunal entered an order dismissing plaintiff's appeal petition on the ground that it was not timely filed as set forth in MCL 205.735a. Therefore, the case was dismissed.

On November 8, 2017, plaintiff filed a motion for reconsideration with the Michigan Tax Tribunal, arguing that his petition appealing the Clay Township Board of Review's denial of his application for a veteran's property tax exemption was timely filed within 35 days of being notified of that decision. Plaintiff argued that he did not receive the denial decision that was dated July 31, 2017, until August 4, 2017. Under Michigan Tax Tribunal Rule 792.10104, he had until September 11, 2017 to file his appeal. But he filed his appeal petition on September 5, 2017, thus it was timely filed. Accordingly, plaintiff requested that his appeal petition challenging the Board of Review's denial of his application for a veteran's property tax exemption be reinstated.

On November 30, 2017, the Michigan Tax Tribunal issued an order denying plaintiff's motion for reconsideration, holding that "the Tribunal correctly determined that it has no authority over Petitioner's appeal because it was not filed within 35 days of the July Board of Review Decision." MCL 205.735a(6) states that "the jurisdiction of the tribunal is invoked by a party in interest, as petitioner, filing a written petition **within 35** days after the final decision, ruling, or determination." Accordingly, the relevant consideration is when the decision was issued, not when a petitioner received the decision. The order also noted that this Court has held that the time requirements set forth in MCL 205.735a are jurisdictional; thus, an untimely filing deprives the Tax Tribunal of jurisdiction to consider the petition. See *WA Foote Mem Hosp v City of Jackson*, 262 Mich App 333, 338; 686 NW2d 9 (2004). Further, because the Tax Tribunal "has no equitable powers that would permit it to waive or otherwise disregard a

statutory requirement or filing deadline, it has no authority to consider Petitioner's appeal or grant it the relief requested." This appeal followed.

Plaintiff argues that his appeal to the Michigan Tax Tribunal was timely filed under MCL 205.735a and, thus, should not have been dismissed. We disagree.

If the facts are not disputed and fraud is not alleged, our review of a decision by the Michigan Tax Tribunal is limited to whether an error of law was made or a wrong principle was adopted. *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 527-528; 817 NW2d 548 (2012). We review de novo issues of statutory interpretation. *Id*. at 528. It is well established that our goal when interpreting a statute is to ascertain and give effect to the intent of the Legislature. *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999). We begin by examining the words in the statute and if the language is unambiguous, judicial interpretation is not required or permitted; the statute must be enforced as written. *Id*.; see also *Koontz v Ameritech Servs, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002).

The Michigan Tax Tribunal's jurisdiction is statutorily defined; its powers are limited to those authorized by statute and do not include powers of equity. *Electronic Data Sys Corp v Flint Twp*, 253 Mich App 538, 547-548; 656 NW2d 215 (2002); *Nicholson v Birmingham Bd of Review*, 191 Mich App 237, 239; 477 NW2d 492 (1991). Under MCL 205.735a(3), an assessment dispute related to an exemption of property must be protested before the board of review before the Tax Tribunal acquires jurisdiction under subsection (6), and subsection (6) provides, in relevant part:

> [T]he jurisdiction of the tribunal is invoked by a party in interest, as petitioner, filing a written petition within 35 days after the final decision, ruling, or determination. [MCL 205.735a(6).]

In this case, the Clay Township Board of Review denied plaintiff's application for a veteran's property tax exemption at a meeting held on July 18, 2017. Plaintiff had been notified of that Board of Review meeting by letter dated July 5, 2017. Although plaintiff was advised not to attend that meeting, he did have notice that his application for a veteran's property tax exemption was going to be decided at that Board of Review meeting. And, in fact, a final decision was made at that meeting to deny plaintiff's application. Plaintiff was then notified of the decision by the Clay Township Assessor, Barbara Schutt. The cover letter sent to plaintiff was dated July 18, 2017, and the Board of Review Change Notice stated that, on July 18, 2017, the July Board of Review denied his application for a veteran's property tax exemption. Although the Notice of Denial of Principal Residence Exemption was signed and dated on July 31, 2017 by the Clay Township Assessor, clearly it was the Clay Township Board of Review which actually denied plaintiff's application for a veteran's property tax exemption on July 18, 2017. In other words, the final decision by Clay Township as to plaintiff's application was rendered on July 18, 2017, and plaintiff had been notified that would be the case on July 5, 2017.

Because the final decision of the Clay Township Board of Review was rendered on July 18, 2017, plaintiff had 35 days starting after that date to file his appeal with the Michigan Tax Tribunal, i.e., until August 22, 2017. The plain language of MCL 205.735a(6) is clear and unambiguous. However, plaintiff did not file his appeal petition with the Tax Tribunal until

September 5, 2017. It is well established that the time requirements for filing an appeal under MCL 205.735, and therefore by implication MCL 205.735a, are jurisdictional in nature. See *Szymanski v City of Westland*, 420 Mich 301, 303-305; 362 NW2d 224 (1984); *WA Foote Mem Hosp*, 262 Mich App at 338, citing *Electric Data Sys Corp*, 253 Mich App at 542-543. In other words, the Tax Tribunal is without jurisdiction to consider an untimely filed appeal petition. *Id*. at 544; see also *Leahy v Orion Twp*, 269 Mich App 527, 532; 711 NW2d 438 (2006). And the Tax Tribunal lacks the equitable power to waive the defects in its jurisdiction. *Electric Data Sys Corp*, 253 Mich App at 544, 547-548. That is, the Tax Tribunal does not have the authority to grant a request for a delayed appeal. See *Curis Big Boy, Inc v Dep't of Treasury*, 206 Mich App 139, 142-143; 520 NW2d 369 (1994). But even if equitable powers could be exercised, it would be unwarranted in this case. We recognize that plaintiff did not actually receive the Board of Review's denial decision on July 18, 2017, but received the notice after July 31, 2017—although he was notified that a decision would be made on July 18, 2017. Even with that delay of notice, plaintiff had until August 22, 2017 to timely file his appeal petition which is sufficient time to complete the short Property Tax Appeal Petition Form required to initiate the proceedings in the Tax Tribunal.

In summary, the Michigan Tax Tribunal did not err by determining that plaintiff failed to invoke its jurisdiction and that dismissal was required. See *Mich Props, LLC*, 491 Mich at 527-528; *Electric Data Sys Corp*, 253 Mich App at 544. Further, the Tax Tribunal did not abuse its discretion in denying plaintiff's motion for reconsideration of that dismissal order. See *Luckow v Luckow*, 291 Mich App 417, 423; 805 NW2d 453 (2011).

Next, plaintiff argues that this Court should decide whether the Clay Township Board of Review improperly denied his application for a veteran's property tax exemption. However, the Tax Tribunal has exclusive and original jurisdiction to review the decision of a township's board of review. *Mich Props, LLC*, 491 Mich at 542, quoting MCL 205.731; *Nicholson*, 191 Mich App at 239. Accordingly, we decline to further consider plaintiff's argument.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Jane E. Markey
/s/ Anica Letica