*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

IIP-MI 4 LLC and LIVWELL MICHIGAN LLC,

        Petitioners-Appellees,

v

CITY OF WARREN,

        Respondent-Appellant.

UNPUBLISHED
January 22, 2026
2:38 PM

No. 373070
Tax Tribunal
LC No. 24-000081

Before: KOROBKIN, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

Respondent City of Warren (the City) appeals by right the Final Opinion and Judgment of the Michigan Tax Tribunal determining that certain property owned by petitioners IIP-MI 4 LLC and LivWell Michigan LLC (collectively, LivWell) is entitled to a Qualified Agricultural Exemption under § 7ee of the General Property Tax Act, MCL 211.1 *et seq*. We vacate the Tax Tribunal's Final Opinion and Judgment.

## I. BACKGROUND

LivWell owns a property primarily used for marijuana production and packaging pursuant to a license issued under the Michigan Regulation and Taxation of Marihuana Act, MCL 333.27951 *et seq*. (MRTMA) and the Medical Marihuana Facilities Licensing Act, MCL 333.27101 *et seq*. (MMFLA).[1] On or about April 29, 2023, LivWell filed a claim for a Qualified Agricultural Exemption (QAE) pursuant to MCL 211.7ee from certain school operating taxes. On or about May 12, 2023, the City sent LivWell notice via mail informing them that the City's tax assessor had denied LivWell's request for a QAE. The notice further advised that a "taxpayer who

---

[1] We use the common spelling of marijuana, unless quoting statutes or documents in the record that refer to "marihuana."

timely and properly filed Form 2599 may appeal an assessor's denial of the [QAE] for the 2023 assessment year to the July or December Board of Review under MCL 211.ee [sic]."[2]

LivWell appealed to the 2023 December Board of Review, which denied the QAE on December 22, 2023. Twenty-four days later, on January 15, 2024, LivWell appealed to the Tax Tribunal. The City argued that LivWell was not entitled to a QAE because marijuana production is commercial, not agricultural. Moreover, the Tax Tribunal could not assert jurisdiction because the school operating tax had been levied in the summer, so MCL 211.7ee(6) required LiveWell to appeal to the 2023 July Board of Review, which LivWell failed to do. LivWell argued that marijuana is a plant produced for agricultural use. And regarding jurisdiction, MCL 211.7ee(6) simply prevented them from appealing a 2024 QAE denial to the 2023 December Board of Review. LivWell further argued they had not been provided proper notice of their appeal rights because the notice indicated an appeal could be made "to the July or December Board of Review under MCL 211.ee [sic]."

The Tax Tribunal found that LivWell was required to appeal to the 2023 July Board of Review to properly invoke the Tribunal's jurisdiction. Nevertheless, the Tribunal concluded that jurisdiction could be assumed on the basis that the appeal notice was "plainly misleading." The Tax Tribunal then went on to determine that property was primarily devoted to agricultural use, such that it qualified for the QAE. The City now appeals.

## II. STANDARDS OF REVIEW

Judicial review of Tax Tribunal decisions "is limited." *Campbell v Dep't of Treasury*, 509 Mich 230, 237; 984 NW2d 13 (2022). "In the absence of fraud, error of law or the adoption of wrong principles, no appeal may be taken to any court from any final agency provided for the administration of property tax laws from any decision relating to valuation or allocation." Const 1963, art. 6, § 28. Thus, when analyzing whether the Tax Tribunal "properly interpreted and applied the statutes governing its jurisdiction," as at issue here, "this Court's review is limited to determining whether the Tax Tribunal committed an error of law in its interpretation and application of the statutes." *New Covert Generating Co, LLC v Cover Twp*, 334 Mich App 24, 45; 964 NW2d 378 (2020). All the factual findings made by the Tax Tribunal are final if supported by competent and substantial evidence. *Mt Pleasant v State Tax Comm*, 477 Mich 50, 53; 729 NW2d 833 (2007). However, we review questions of law—including questions of statutory interpretation and the Tax Tribunal's jurisdiction to hear a case—de novo. *Strata Oncology, Inc v Dep't of Treasury*, 348 Mich App 378, 387; 18 NW3d 367 (2023). Under de novo review, we "review the legal issue independently, without required deference to the courts below." *Wright v Genesee Co*, 504 Mich 410, 417; 934 NW2d 805 (2019).

---

[2] This reference to MCL 211.ee appears to be a typographical error. The parties agree that the correct provision is MCL 211.7ee, which is the statute that the parties dissected before the Tax Tribunal and on appeal.

## III. TAX TRIBUNAL'S JURISDICTION

The City argues that the Tax Tribunal lacked jurisdiction to hear LivWell's appeal regarding the denial of their claim for a QAE under MCL 211.7ee and that the lack of jurisdiction required dismissal. We agree.

The Michigan Tax Tribunal was created by the Tax Tribunal Act, MCL 205.701 *et seq*. *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 541; 817 NW2d 548 (2012). "The jurisdiction of the Tax Tribunal is granted by statute." *Nicholson v Birmingham Bd of Review*, 191 Mich App 237, 239; 477 NW2d 492 (1991). The Tax Tribunal "has no equitable power to waive or otherwise disregard a statutory requirement or filing deadline." *Sixarp, LLC v Byron Twp*, ___ Mich ___; ___ NW3d ___ (2025) (Docket No. 166190); slip op at 6. In the absence of statutory authority, the Tax Tribunal lacks subject-matter jurisdiction and "should not proceed further except to dismiss the action." *Electronic Data Sys Corp v Flint Twp*, 253 Mich App 538, 544; 656 NW2d 215 (2002). This is because the "lack of subject-matter jurisdiction is so serious a defect in the proceedings that a tribunal is duty-bound to dismiss a plaintiff's claim even if the defendant does not request it." *Bluewater Nat Gas Holding, LLC v Ray Twp*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 373788); slip op at 3, quoting *Electronic Data Sys Corp*, 253 Mich App at 544.

To determine if the Tax Tribunal had subject-matter jurisdiction to hear this case, we must interpret several statutes. "The goal of statutory interpretation is to discern and give effect to the Legislature's intent," the best indicator of which is "the language of the statute itself." *New Covert Generating Co, LLC*, 334 Mich App at 51 (citation omitted). "If the statute is unambiguous, this Court must assume that the Legislature intended the meaning clearly expressed and must enforce the statute as written." *Bluewater Nat Gas Holding, LLC*, ___ Mich App at ___; slip op at 4 (quotation marks and citation omitted). "When considering the correct interpretation, the statute must be read as a whole, and individual words and phrases, while important, should be read in the context of the entire legislative scheme." *Id*. (quotation marks, citations, and brackets omitted). "Moreover, under *in pari materia*, 'statutes that relate to the same subject or that share a common purpose should, if possible, be read together to create a harmonious body of law.' " *Id*. quoting *Sixarp, LLC*, ___ Mich at ___; slip op at 11 (quotation marks and citations omitted). "Courts must give effect to every word, phrase, and clause in a statute and avoid an interpretation that would render any part of the statute surplusage or nugatory." *State Farm Fire & Cas Co v Old Republic Ins Co*, 466 Mich 142, 146; 644 NW2d 715 (2002).

The first relevant statute in this case is MCL 205.735a, which "is part of a set of laws that govern the appeal of property-tax assessments in Michigan." *Spartan Stores, Inc v City of Grand Rapids*, 307 Mich App 565, 570; 861 NW2d 347 (2014). MCL 205.735a has repeatedly been interpreted to be a jurisdictional statute. For example, the Supreme Court recently considered MCL 205.735a(3)—which addresses the appeal of assessment disputes—and determined that the "Legislature has clearly mandated that the requirement for appeal in the [Tax Tribunal] under MCL 205.735a(3) is jurisdictional." *Sixarp, LLC*, ___ Mich at ___; slip op at 8. The requirements of MCL 205.735a(3) are as follows:

> Except as otherwise provided in this section or by law, for an assessment dispute as to the valuation or exemption of property, the assessment *must* be

protested before the board of review *before* the tribunal *acquires jurisdiction* of the dispute under subsection (6). [(Emphasis added.)]

The *Sixarp* Court examined this language and determined:

> The statute plainly states that "the assessment *must* be protested *before* the board of review before the tribunal *acquires jurisdiction* of the dispute." MCL 205.735a(3) (emphasis added). As a result, MCL 205.735a(3) "is not a notice statute, but is a jurisdictional statute that governs when and how a petitioner invokes the Tax Tribunal's jurisdiction." [*Sixarp*, ____ Mich at____; slip op at 8.]

The provision at issue in the present case is MCL 205.735a(5), which addresses the appeal of a QAE claim. MCL 205.735a(5) is not meaningfully distinguishable from MCL 205.735a(3):

> For a dispute regarding a determination of a claim of exemption of a principal residence or qualified agricultural property for a year in which the July or December board of review has authority to determine a claim of exemption for a principal residence or qualified agricultural property, the claim of exemption *shall* be presented to either the July or December board of review *before* the tribunal *acquires jurisdiction* of the dispute. [MCL 205.735a(5) (emphasis added).]

The same operative words appear in the same order. Accordingly, MCL 205.735a(5) is jurisdictional.[3] In other words, the Tax Tribunal has jurisdiction to hear a QAE claim *only* if an appeal is first made to the Board of Review with the authority to hear the claim.

In turn, MCL 211.7ee(6) explains which Board of Review has the authority to determine a claim of exemption in a given case:

> An owner of property that is qualified agricultural property on May 1 for which an exemption was not on the tax roll may file an appeal with the July or December board of review in the year the exemption was claimed or the immediately succeeding year. An owner of property that is qualified agricultural property on May 1 for which an exemption was denied by the assessor in the year the affidavit was filed, may file an appeal with the July board of review for summer taxes or, if there is not a summer levy of school operating taxes, with the December board of review.

By its plain language, the provision thus creates two types of potential taxpayer appellants: (1) those who are qualified for an exemption that was not listed on the tax roll, and (2) those who are qualified for an exemption that was denied by the assessor. The former may choose between the

---

[3] See also *Bluewater Nat Gas Holding, LLC*, ___ Mich App at ___; slip op at 4-5 (determining that MCL 205.735a(6) is jurisdictional); *WA Foote Mem Hosp v City of Jackson*, 262 Mich App 333, 338; 686 NW2d 9 (2004) (determining that MCL 205.735, which governs tax years before 2007, is a jurisdictional statute).

July or December Board of Review.  But the latter *must* appeal to *either* the July or December Board of Review, depending on whether there was a summer tax levy.

In a comprehensive Proposed Opinion and Judgment, the Tax Tribunal considered this statutory scheme and determined that LivWell appealed to the wrong Board of Review, divesting the Tax Tribunal of jurisdiction.  Parsing MCL 211.7ee(6), the Tax Tribunal stated, in relevant part:

> The second sentence [of MCL 211.7ee(6)] is plainly delineated by the inclusion of the conditions that it applies to claims which were denied by the assessor for the year they were filed and for jurisdictions which levy a school operating tax millage in the summer.  Both facts are undisputed in this case.  By statute, Petitioner was required to appeal the assessor['s] denial to the 2023 July [Board of Review] and failed to do so.  The Tribunal therefore finds that Petitioner failed to properly invoke the Tribunal's jurisdiction under statute.

In its Final Opinion, the Tax Tribunal agreed with the Proposed Opinion's "very thorough analysis" and determined that LivWell was required to appeal to the July Board of Review under MCL 211.7ee(6).

We conclude that the Tax Tribunal's interpretation of the relevant statutes was correct.  Neither MCL 205.735a(5) nor MCL 211.7ee(6) is ambiguous.  The Tax Tribunal correctly interpreted the plain language of MCL 205.735a(5) to give effect to the Legislature's clear intent to divest the Tax Tribunal of jurisdiction when the proper board does not first hear the claim.  See *New Covert Generating Co, LLC,* 334 Mich App at 51.  And the Tax Tribunal also correctly interpreted the plain language of MCL 211.7ee(6) to give effect to the Legislature's clear intent to require a taxpayer to appeal its denial of a QAE to the July Board of Review when the City assessed a summer tax levy.  See *id.*

It is true, as LivWell argues, that there was no exemption for its property on the tax rolls prior to May 1 of that year, potentially putting the first sentence of MCL 211.7ee(6) into play.  But the first sentence does not mention a denial of the exemption as does the second sentence, nor does it refer to the timing implications of summer school taxes, as does the second sentence.  Thus, the second sentence is more specific, and LivWell's circumstances fit precisely within that sentence.

Moreover, we are not persuaded that ambiguity exists when several other relevant statutes refer to *both* "the July or December" Board of Review.  For example, LivWell points to MCL 211.53b[4] and MCL 205.762a.[5]  Those other statutes are part of the statutory scheme governing all appeals, some of which must be heard before the July board, some of which must be heard before

---

[4] MCL 211.53b(3) states in relevant part that "[t]he board of review meeting in July and December must be held only for the purpose to hear appeals . . ."

[5] MCL 205.762a(3) states in relevant part that "[a]n appeal of a final determination of a claim for exemption of qualified agricultural property . . . shall be filed not later than 30 days after the July or December board of review determines a claim for exemption."

the December board, and some of which may be heard before either. So it makes sense that those provisions refer to both boards. Those provisions do not, however, supplant the plain language of MCL 211.7ee(6), which governs the particular appeal in this case and required that LivWell's appeal be heard before the July Board of Review.

However, the Tax Tribunal went on to conclude that it nevertheless retained jurisdiction because the notice of appeal that the City sent to the taxpayer was "ineffective and misleading" when it stated that the taxpayer could appeal "to either the July or December [Board of Review]." According to the Tax Tribunal, "[p]etitioner's reliance on incorrect information in the notice invoked the Tribunal's jurisdiction for the 2023 tax year only as Petitioner timely appealed the decision of the December 2023 [Board of Review]."

But the "Tax Tribunal does not have jurisdiction over constitutional questions" and lacks the authority to consider whether the procedures followed by a city and its board of review are sufficient to satisfy a taxpayer's constitutional right to procedural due process. *Spranger v City of Warren*, 308 Mich App 477, 484-485; 865 NW2d 52 (2014). Instead, this Court determines constitutional issues on appeal, and if a petitioner has been denied due process, "the only available remedy is a remand for a new hearing before the Tax Tribunal." *Spranger*, 308 Mich App at 484-485. See also *Bluewater Nat Gas Holding, LLC*, ___ Mich App at ___; slip op at 4 (noting that the Tax Tribunal has no power to exercise jurisdiction over a case when a jurisdictional requirement was not met). Accordingly, we conclude that the Tax Tribunal lacked jurisdiction under MCL 205.735a(5) to hear a claim of appeal regarding the denial of a QAE request under MCL 211.7ee and erred by asserting jurisdiction instead of entering a dismissal.

## IV. DUE PROCESS

The City next asserts that its notice satisfied procedural due process requirements. We agree.

"The United States and Michigan constitutions preclude the government from depriving a person of life, liberty, or property without due process of law." *Bluewater Nat Gas Holding, LLC*, ___ Mich App at ___; slip op 8. "A local board of review is required to provide constitutionally adequate notice in a manner that is consistent with due-process principles." *Id*. (quotation marks, citation, and brackets omitted). "At a minimum, procedural due process requires notice and an opportunity to be heard in a meaningful time and manner." *Id*., quoting *Sixarp, LLC*, ___ Mich at ___; slip op at 17. "The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance." *Mullane v Central Hanover Bank & Trust Co*, 339 US 306, 314; 70 S Ct 652; 94 L Ed 865 (1950) (citations omitted). Furthermore, "the means employed to notify interested parties must be more than a mere gesture; they must be means that one who actually desires to inform the interested parties might reasonably employ to accomplish actual notice." *Sidun v Wayne Co Treasurer*, 481 Mich 503, 509; 751 NW2d 453 (2008), citing *Mullane*, 339 US at 315. However, "[p]rocedural due process is a flexible concept, and determining what process is due in a particular case depends on the nature of the proceeding, the risks and costs involved, and the private and governmental interests that might be affected." *Bluewater Nat Gas Holding, LLC*, ___ Mich App at ___; slip op 8 (quotation marks and citation omitted).

The notice at issue in this case is as follows:

> A taxpayer who timely and properly filed Form 2599 may appeal an assessor's denial of the Qualified Agricultural Property Exemption for the 2023 assessment year to the July or December Board of Review under MCL 211.7ee [sic].

> Board of Review denials are appealed to the Michigan Tax Tribunal by filing a petition within 35 days of the Board's action.

The Tax Tribunal was not assuaged by the notice's reference to MCL 211.7ee:

> Because the notice also mentioned MCL 211.7ee(6) does not negate the fact that it mislead [sic] Petitioner into believing it could appeal to either the July or December [Board of Review]. The Tribunal agrees with the [Proposed Opinion] that Petitioner's reliance on incorrect information in the notice invoked the Tribunal's jurisdiction for the 2023 tax year only as Petitioner timely appealed the decision of the December 2023 [Board of Review].

To reach its conclusion, the Tax Tribunal relied on multiple opinions of this Court in which the Tribunal's dismissal for lack of jurisdiction was reversed and remanded on the basis that defective notice violated due process: *Geldhof Enterprises Inc v Dep't of Treasury*, unpublished per curiam opinion of the Court of Appeals, issued December 10, 2013 (Docket No. 313142); *Winkler v Markey Twp*, unpublished per curiam opinion of the Court of Appeals, issued August 24, 2023 (Docket No. 362586); and *Kemennu v Dep't of Treasury*, unpublished per curiam opinion of the Court of Appeals, issued June 15, 2023 (Docket No. 362037).

In all three cases, the notices were determined to be constitutionally defective. However, each of these cases is nonbinding and distinguishable.[6] *Geldhof Enterprises* and *Kemennu* both involve notices that were sent to the wrong address, which did not occur in the present case. *Geldhof Enterprises*, unpub op at 2; *Kemennu*, unpub op at 6. And in *Winkler*, the notices "not only lack[ed] information about an appeal deadline but they also lack[ed] any information about petitioner's right to appeal." *Winkler*, unpub at 3.[7]

In contrast, the notice in the instant case clearly notified LivWell of its right to appeal, as well as the timeframe for doing so. The notice informed LivWell that it could appeal its denial of the QAE "for the 2023 assessment year to the July or December Board of Review under MCL 211.7ee [sic]." This language directs the reader to review MCL 211.7ee to determine whether appeal to the July 2023 or December 2023 board is appropriate. LivWell does not contest that it received and read this notice. LivWell argues only that the language of the notice allows the

---

[6] Unpublished opinions of this Court are not binding precedent. MCR 7.215(C)(1).

[7] Notably, in remanding the matter back to the Tax Tribunal, the *Winkler* panel acknowledged that the Tax Tribunal has no jurisdiction to consider constitutional issues. *Winkler*, unpub at 3.

petitioner to pick which board to be heard by. But that argument ignores the phrase "under MCL 211.7ee."[8] As discussed, MCL 211.7ee(6) clearly explains that a petitioner must appeal its denial of a QAE to the July Board of Review when the City assessed a summer tax levy.

The City also persuasively argues that it would be nearly impossible to tailor all notices to all tax petitioners. Form notices are far more efficient, provided that the notices still comport with due process. In the present case, we conclude that the notice did comport with due process—that is, the notice was more than a mere gesture and was in a form "that one who actually desires to inform the interested parties might reasonably employ to accomplish actual notice." *Sidun*, 481 Mich at 509. Therefore, the notice did not violate due process and does not necessitate remand to the Tax Tribunal.

Because we determine that the Tax Tribunal lacked jurisdiction to hear LivWell's claim and that the City's notice did not violate due process guarantees, we need not consider the City's remaining argument that the Tax Tribunal erred when it granted LivWell's claim for a QAE.

Vacated.

/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado

---

[8] As noted, the notice referred to MCL 211.ee instead of MCL 211.7ee. Nevertheless, LivWell does not argue that this misprint precluded its review of the correct statute. Rather, LivWell challenge's the City's *interpretation* of the statute.