HENRY McMORRAN v. PETER WRIGHT AND THE CITY OF PORT HURON.

[See *ante*, 350.]

*Taxes—Board of review—Reduction of assessment.*

Where by law tax-payers have the right to present their claims for reduction of taxation or valuation in writing, and to make their proofs in support of such claims by affidavit, the board of review have no power to refuse to consider such claims unless the claimants appear in person and submit to oral examination.

Appeal from St. Clair. (Canfield, J.) Argued February 6, 1889. Decided April 12, 1889.

Bill to cancel taxes and to enjoin their collection. Complainant appeals from decree sustaining demurrer. Reversed, with leave to answer. The facts are stated in the opinion, and in *Walsh v. King, ante,* 350.

*Atkinson, Vance & Wolcott,* for complainant.

*W. L. Jenks* and *P. H. Phillips,* for defendants.

MORSE, J. The bill filed in this case relies in part upon the same state of facts alleged in *Walsh v. King, ante,* 350 (41 N. W. Rep. 1080). General demurrer was interposed in this as in that case, and the bill dismissed. As far as this case is similar to *Walsh v. King, supra,* it will be governed by the ruling in that case. But the complainant further alleges in this case that he was in the year 1887 the owner of 20 shares of the capital stock of the Port Huron Savings Bank, which was assessed to him in the Sixth ward of said city, at $2,000, but that he was not, during any time of said year, the owner of

or interested in any more or greater number of shares of capital stock in said bank assessable in said ward, and only the $2,000 was assessed to him on the assessment roll of said city as made by the controller of the city and the supervisors of the different wards; that the report of the cashier of said savings bank, made according to law for the year 1887, shows one A. C. Gray, of the township of Port Huron, to be the owner of 87 shares in said bank, which shares were assessed to said Gray upon the assessment rolls of the said township of Port Huron; that, notwithstanding this, the board of review of the city of Port Huron, without taking the testimony of any one, and without any complaint being made in writing, or other evidence adduced, assumed to and did put upon and assessed to the complainant, on the assessment roll for the said Sixth ward of said city of Port Huron, the following: "Personal, $8,000;" that this $8,000, so added to his assessment by said board of review, is 80 shares of the capital stock of said savings bank held and owned by the said A. C. Gray, and assessed to him in the township of Port Huron, as aforesaid.   This action was taken at a meeting of said board of review held on April 21, 1887, and appears from their records.   On the same day the chairman of the board notified complainant of this increased assessment, and informed him that he was at liberty to make a showing that he did not own said bank-stock at any time before 4 o'clock P. M. of Saturday, April 23, 1887.   On the last-day named, and before the hour limited, the attorney and agent of complainant appeared before the board, with proofs in his possession and at his command to show that such assessment was unjust, illegal, and void, but said board stated that no proofs would be received unless the complainant appeared in person and submitted to answer oral questions to be

propounded by said board, and on that day adopted a resolution that—

"Unless the persons who complain of assessments as to bank-stock appear here, and submit to an oral examination before this board, the same stand as assessed."

This action of the board of review cannot be sustained. They had no right, under the statute, to make any such regulation as the resolution above set forth. The taxpayer has a right to be heard before the board, and he is not debarred from such hearing because he does not appear personally, nor can he be deprived of it for that reason. The charter of Port Huron provides that—

"Any person considering himself aggrieved by reason of any assessment may complain thereof, either verbally *or in writing*, before said board, and, on sufficient cause being shown by the *affidavit* of such person, or by oral proof, or by other evidence to the satisfaction of such board, it shall review the assessment complained of, and may alter or correct the same as to the person charged thereby, the property described therein, and the estimated value thereof." Section 4, chap. 16, Act No. 390, Local Acts of 1885, p. 527.

The complainant, under this provision of this charter, had a right to make a showing in writing, by "affidavit," before the board of review, and such board could not refuse to receive the proofs thus tendered to them. A hearing before the board was denied, because the complainant would not appear personally, and submit to an oral examination. The law gave him the right to present his claim for reduction of taxation or valuation in writing, and to make his proofs to sustain his claim by affidavit. The board had power to pass upon his proofs, and to declare them insufficient, if good reasons existed for such finding, but they had no authority to reject the proofs without examining them, for no other reason than

that the complainant would not appear and submit to an oral examination.

The decree of the court below will be reversed and vacated, and the demurrer overruled, with costs of the same in both courts to complainant. The defendants will be allowed the usual time in which to answer, if they desire it.

The other Justices concurred.