# STATE OF MICHIGAN

# COURT OF APPEALS

KAREN SPRANGER,

        Petitioner-Appellant,

v

CITY OF WARREN,

        Respondent-Appellee.

FOR PUBLICATION
December 16, 2014
9:05 a.m.

No. 316180
Tax Tribunal
LC No. 00-440727

Before: OWENS, P.J., and JANSEN and O'CONNELL, JJ.

JANSEN, J.

Petitioner Karen Spranger appeals by right the judgment of the Tax Tribunal denying her request for a poverty exemption from her 2012 property taxes on her residential property in the city of Warren. We reverse in part, vacate in part, and remand to the Tax Tribunal for further proceedings consistent with this opinion.

Petitioner submitted a City of Warren Poverty Exemption Application to respondent's March board of review. On her application, petitioner indicated that her source of income was a "Bridge Card" and that she received assistance from the Department of Human Services (DHS) for her utility bills. However, petitioner did not indicate the *specific amounts* of assistance that she received. Respondent scheduled a special hearing on petitioner's application for October 22, 2012, but petitioner did not appear for the special hearing because she had never received proper notice thereof. The board of review ultimately denied petitioner's request, in her absence, on the grounds that she had submitted an "incomplete application" and it was therefore impossible to determine whether she qualified for a poverty exemption under the standards set forth in MCL 211.7u.

Petitioner appealed to the Tax Tribunal. When petitioner appeared for her scheduled hearing before the Tax Tribunal and attempted to present additional evidence, respondent objected on the ground that the proffered evidence had not been considered by the board of review. The Tax Tribunal found that petitioner had failed to provide specific documentation regarding the total amount of assistance she was receiving. Therefore, the Tax Tribunal concluded, petitioner's total income and qualification for a poverty exemption could not be determined. On appeal to this Court, petitioner argues that the board of review and Tax Tribunal erred by basing their conclusions on the lack of specific documentation presented.

-1-

Tax exemptions are "strictly construed in favor of the taxing authority," *Sietsema Farms Feeds, LLC v Dep't of Treasury*, 296 Mich App 232, 236; 818 NW2d 489 (2012), and the petitioner has the burden to prove, by a preponderance of the evidence, that he or she is entitled to the requested exemption, *ProMed Healthcare v Kalamazoo*, 249 Mich App 490, 494-495; 644 NW2d 47 (2002). The Tax Tribunal has exclusive jurisdiction to hear a taxpayer's claim for a poverty exemption under MCL 211.7u following an unsuccessful request before the local board of review. *Nicholson v Birmingham Bd of Review*, 191 Mich App 237, 239; 477 NW2d 492 (1991).

To be eligible for a poverty exemption under MCL 211.7u, a petitioner must prove, among other things, that he or she meets the poverty guidelines. MCL 211.7u(2)(e). Both the board of review and Tax Tribunal determined that petitioner had failed to provide sufficient information concerning her income and therefore could not prove that she satisfied the poverty guidelines under MCL 211.7u(2)(e).

A petitioner's request for a poverty exemption must be submitted on a form provided by the local assessing unit, MCL 211.7u(2)(b), and must comply with the policies and guidelines of the local assessing unit, MCL 211.7u(4). In deciding whether to grant the requested poverty exemption, the board of review must generally follow the policies and guidelines of the local taxing unit unless it finds that there are substantial and compelling reasons to deviate therefrom. MCL 211.7u(5).

As noted previously, petitioner submitted a City of Warren Poverty Exemption Application to the city's March board of review. The application was received in the city assessor's office on March 16, 2012.[1] Petitioner listed her address, telephone number, and parcel tax identification number. She stated that she owned the residential property at issue, which she had inherited, and listed her monthly household water, gas, and electric expenses. Petitioner indicated that she had not filed a federal income tax return because she had no income.[2] She further indicated that she had no bank account balances or credit cards. Petitioner attached documentation of some of her utility expenses and a statement showing that DHS was assisting her with certain utility bills.

The city of Warren's policies and guidelines require that proof of all sources of income, including all family contributions and government assistance, must be submitted with the petitioner's poverty exemption application. We fully acknowledge that petitioner's written application was incomplete to the extent that it did not list the *specific amounts* of assistance that petitioner was receiving through her Bridge Card and from family members. At the same time, however, the board of review could have easily inquired into these particular matters at the scheduled special hearing on March 22, 2012, if petitioner had been properly notified to attend.

---

[1] Respondent's March board of review convened on March 19, 2012. Accordingly, petitioner's application was timely filed. MCL 211.7u(3).

[2] See MCL 211.7u(2)(b).

So, too, could petitioner have presented additional evidence at the hearing had she been given proper notice of the scheduled date and time.

Counsel for respondent represented at oral argument before this Court that the city of Warren's March board of review sat in regular session on March 19, 20, and 21, 2012. The board of review then reconvened for the purpose of holding special hearings on March 22, 2012. Counsel confirmed that petitioner's special hearing was scheduled for March 22, 2012, at 10:00 a.m. Although petitioner attended each regular session of the board of review on March 19, 20, and 21, 2012, she did not appear at the time set for her special hearing on March 22, 2012. Counsel for respondent confirmed that petitioner was never notified in writing of her special hearing on March 22, 2012, but was merely told of the hearing date verbally, either by telephone or in person, by an unidentified employee of the city of Warren.[3] Indeed, respondent's attorney stated that the city of Warren has never provided written notice of the time and date set for hearing to taxpayers seeking poverty exemptions.

As explained, because petitioner did not list the *specific amounts* of assistance that she was receiving through her Bridge Card and from family members, the board of review denied her request on the ground that her application was incomplete. On appeal to the Tax Tribunal, the hearing referee found that petitioner owned the subject residential property, had no household assets, and had timely submitted a City of Warren Poverty Exemption Application for tax year 2012. Nevertheless, the hearing referee determined that petitioner had failed "to complete the City of Warren Poverty Exemption Application in full," primarily because she had listed "Bridge Card" rather than an "actual dollar amount" for her income. The Tax Tribunal issued its final judgment adopting the hearing referee's recommendations on April 23, 2013.

Petitioner has maintained at all relevant times that she never received verbal notice, by telephone or in person, of her special hearing date. We can conceive of no reason to believe that petitioner would not have attended her scheduled special hearing on March 22, 2012, had she been properly notified thereof. After all, the record indicates that she diligently attended all three regular session days of the board of review on March 19, 20, and 21, 2012. Yet at no time did anyone from the board of review or city of Warren approach petitioner, ask her whether she was waiting to be heard, or inform her that her special hearing was actually scheduled for a later date.

At the time set for hearing, the board of review was empowered to take testimony under oath and consider other additional proofs. See Warren City Charter, § 9.9(b); see also *McMorran v Wright*, 74 Mich 356, 358-359; 41 NW 1082 (1889). Accordingly, if petitioner had been properly notified, and if she had appeared for her special hearing at the appointed time, she could have supplemented her written application with testimony and additional evidence concerning her income and assets.

---

[3] Petitioner has consistently maintained that she was never verbally informed of her special hearing date, by telephone or in person. Respondent has submitted no affidavit or other admissible documentary evidence to establish that the claimed verbal notice to petitioner actually occurred.

The owner of real property is entitled to the protection of constitutional due process with respect to the assessment and collection of property taxes. *Brandon Twp v Tomkow*, 211 Mich App 275, 282-283; 535 NW2d 268 (1995). At a minimum, due process requires notice and an opportunity to be heard in a meaningful time and manner. *Cummings v Wayne Co*, 210 Mich App 249, 253; 533 NW2d 13 (1995). A local board of review is required to provide constitutionally adequate notice consistent with due-process principles. *Fisher v Muller*, 53 Mich App 110, 121; 218 NW2d 821 (1974).

This Court has previously observed that taxpayers are charged with knowing the powers and duties of the board of review, as well as the dates that the board of review is scheduled to meet, because those dates are published in the local newspaper. *Fisher*, 53 Mich App at 121; see also MCL 211.29(6); Warren City Charter, § 9.8. In the present case, there is no dispute that petitioner knew the dates of the board of review's regular sessions. Indeed, she personally attended each regular session on March 19, 20, and 21, 2012. The problem is that petitioner's special hearing was scheduled for a later date, namely March 22, 2012, which was *not* published in the newspaper. Nor was petitioner otherwise properly notified of this special hearing day and time.

Persons or their agents who have a scheduled hearing before the board of review must be afforded an opportunity to be heard. MCL 211.30(3). For this statutory right to have any meaning at all, a local taxing authority must necessarily inform the taxpayer or his or her agent of the date and time of the scheduled hearing. Indeed, this Court has held that in order to comply with procedural due process, a board of review is required to give "personal notice by mail" when the petitioner's address is known to the taxing authority. *Fisher*, 53 Mich App at 121. It is beyond dispute that the city of Warren was fully aware of petitioner's address, which was provided on her poverty exemption application. The city of Warren's verbal notice to petitioner regarding her special hearing date, assuming it ever took place, was constitutionally insufficient on the facts of this case. See *id*. Stated differently, although petitioner's poverty exemption application was technically incomplete insofar as it did not list the *specific amount* of her income, the board of review violated state statute, MCL 211.30(3), as well as petitioner's right to constitutional due process, *Cummings*, 210 Mich App at 253, by failing to ensure that she was adequately notified of her special hearing date and by failing to afford her a meaningful opportunity to be heard.

We wish to make clear that the Tax Tribunal did not commit any error of its own in this case. "[T]he Tax Tribunal does not have jurisdiction over constitutional questions . . . ." *WPW Acquisition Co v City of Troy (On Remand)*, 254 Mich App 6, 8; 656 NW2d 881 (2002). Accordingly, the Tax Tribunal lacked the authority to consider whether the procedures followed by the city of Warren and its board of review were sufficient to satisfy petitioner's constitutional right to procedural due process.

Nevertheless, although the error in this case was committed by respondent and its board of review, the only available remedy is a remand for a new hearing before the Tax Tribunal. *Nicholson*, 191 Mich App at 239-243. On consideration de novo, MCL 205.735a(2); *Nicholson*, 191 Mich App at 240-241, the Tax Tribunal will be in a position to cure the earlier constitutional error by providing petitioner with the procedural due process that she was denied by respondent, see *Johnston v Livonia*, 177 Mich App 200, 207-208; 441 NW2d 41 (1989); *Kostyu v Dep't of*

*Treasury*, 170 Mich App 123, 130; 427 NW2d 566 (1988). The Tax Tribunal will also be in a position to allow petitioner to supplement her original application and present new evidence. See *Heindlmeyer v Ottawa Co Concealed Weapons Licensing Bd*, 268 Mich App 202, 218; 707 NW2d 353 (2005).[4]

We reverse the decision of the board of review and vacate the judgment of the Tax Tribunal. We remand this matter to the Tax Tribunal for an independent consideration de novo of petitioner's request for a poverty exemption under MCL 211.7u for tax year 2012. MCL 205.735a(2); see also *Nicholson*, 191 Mich App at 240-241, 243. On remand, the Tax Tribunal shall provide petitioner with notice and a meaningful opportunity to be heard, allow petitioner to supplement her original application, and permit petitioner to present evidence and testimony regarding her income, assets, and qualifications for the exemption.

Reversed in part, vacated in part, and remanded to the Tax Tribunal for further proceedings consistent with this opinion. We do not retain jurisdiction. Petitioner, having prevailed on appeal, may tax her costs pursuant to MCR 7.219.

/s/ Kathleen Jansen
/s/ Peter D. O'Connell

---

[4] As explained previously, the Tax Tribunal has exclusive jurisdiction to hear a taxpayer's claim for a poverty exemption following an unsuccessful request before the board of review. *Nicholson*, 191 Mich App at 239. Such a proceeding before the Tax Tribunal "is original and independent and is *considered de novo*." MCL 205.735a(2) (emphasis added); see also *Nicholson*, 191 Mich App at 240-241. The term "de novo" contemplates the taking of new evidence and the presentation of new testimony. *Heindlmeyer*, 268 Mich App at 218. Consistent with MCL 205.735a(2), the Tax Tribunal must not simply accept the findings of the board of review, but must make its own independent determination of whether the taxpayer is entitled to the requested exemption. See, generally, *Great Lakes Div of Nat'l Steel Corp v Ecorse*, 227 Mich App 379, 409; 576 NW2d 667 (1998). The Tax Tribunal's duty to undertake an independent consideration de novo is particularly great when the board of review has committed a procedural error or when its explanation for denying the requested exemption is inadequate. See *Nicholson*, 191 Mich App at 242.