# STATE OF MICHIGAN

# COURT OF APPEALS

JERRY A. MAIS,

Plaintiff-Appellant,

v

CITY OF PLAINWELL,

Defendant-Appellee.

UNPUBLISHED
July 19, 2016

No. 327026
Michigan Tax Tribunal
LC No. 15-000199-TT

Before: OWENS, P.J., and BORRELLO and O'BRIEN, JJ.

PER CURIAM.

Petitioner, Jerry A. Mais, appeals as of right the Michigan Tax Tribunal's dismissal of his tax-valuation petition. We affirm.

This appeal arises out of tax assessments completed by respondent, the City of Plainwell, for property owned by petitioner, specifically, 514 Morrell in Plainwell, Michigan, from 2010 to 2014. The Tribunal dismissed petitioner's petition challenging those assessments, concluding that it lacked jurisdiction pursuant to MCL 205.735a because petitioner did not protest the assessments at issue before the board of review or timely file a petition with the Tribunal. Petitioner subsequently moved for reconsideration, but that motion was denied, and this appeal followed.

On appeal, petitioner asserts that he was deprived of his constitutional right to due process when the Tribunal dismissed his case. This Court's review of decisions by the Tribunal is limited, and we look to whether the Tribunal committed an error of law or adopted an incorrect principle. *Drew v Cass Co*, 299 Mich App 495, 498; 830 NW2d 832 (2013); see also *Jones & Laughlin Steel Corp v City of Warren*, 193 Mich App 348, 352; 483 NW2d 416 (1992), citing Const 1963, art 6, § 28. Whether the Tribunal has jurisdiction and whether a party's due process rights have been violated are issues that are reviewed de novo. *Kasberg v Ypsilanti Twp*, 287 Mich App 563, 566; 792 NW2d 1 (2010); *Elba Twp v Gratiot Co Drain Comm'r*, 493 Mich 265, 277; 831 NW2d 204 (2013).

The Tribunal's jurisdiction is statutorily defined. *Nicholson v Birmingham Bd of Review*, 191 Mich App 237, 239; 477 NW2d 492 (1991). "The Tax Tribunal's powers are limited to those authorized by statute, and the Tax Tribunal does not have powers of equity." *Electric Data Sys Corp v Flint Twp*, 253 Mich App 538, 547-548; 656 NW2d 215 (2002) (citations omitted). The Tribunal does not have jurisdiction over disputes regarding the valuation of property until

-1-

the assessment is protested before the applicable board of review. MCL 205.735a(3) ("Except as otherwise provided in this section or by law, for an assessment dispute as to the valuation or exemption of property, the assessment must be protested before the board of review before the tribunal acquires jurisdiction of the dispute under subsection (6)."). Subsection (6) provides that, for a dispute over the assessment of residential real property, the jurisdiction of the Tribunal is "invoked by a party in interest, as petitioner, filing a written petition on or before July 31 of the tax year involved." MCL 205.735a(6). The Tribunal can sua sponte raise the issue of lack of jurisdiction. *Electric Data Sys Corp*, 253 Mich App at 544 ("The lack of subject-matter jurisdiction is so serious a defect in the proceedings that a tribunal is duty-bound to dismiss a plaintiff's claim even if the defendant does not request it.").

In this case, petitioner did not protest the assessments at issue to the board of review. Thus, the Tribunal did not have jurisdiction over those assessments. MCL 205.735a(3). And, as stated above, the Tribunal was therefore permitted to raise the issue of lack of jurisdiction sua sponte, which it did. *Electric Data Sys Corp*, 253 Mich App at 544. Furthermore, respondent's petition to the Tribunal was untimely. See MCL 205.735a(6). Accordingly, the Tribunal did not err in dismissing this case. *Electric Data Sys Corp*, 253 Mich App at 544 ("Indeed, having determined that it has no jurisdiction, a court should not proceed further except to dismiss the action."). On appeal, petitioner challenges this conclusion in several unpersuasive ways.

First, petitioner argues that his constitutional right to due process was violated when the Tribunal dismissed his petition after respondent failed to properly serve its answer on petitioner. "The owner of real property is entitled to the protection of constitutional due process with respect to the assessment and collection of property taxes." *Spranger v City of Warren*, 308 Mich App 477, 482-483; 865 NW2d 52 (2014). Due process minimally requires notice and an opportunity to be heard in a meaningful time and manner. *Id*. at 483. While the record indicates that this argument may be factually accurate, it is legally unpersuasive. Stated simply, respondent's failure to properly serve its answer on petitioner does not change the fact that the Tribunal does not have jurisdiction over petitioner's case for the reasons set forth above. Therefore, this argument fails.

Relatedly, petitioner argues that his constitutional right to due process was violated when the Tribunal dismissed his petition because he should have been provided an opportunity to amend his petition in light of respondent's failure to properly serve its answer on petitioner. Again, "[t]he owner of real property is entitled to the protection of constitutional due process with respect to the assessment and collection of property taxes." *Spranger*, 308 Mich App at 482-483. Due process minimally requires notice and an opportunity to be heard in a meaningful time and manner. *Id*. at 483. Like respondent's first argument, this argument fails to appreciate the fact that the Tribunal correctly concluded that it lacked jurisdiction over petitioner's case, and this determination was correctly made by the Tribunal regardless of whether respondent's answer was properly served upon him or not. *Electric Data Sys Corp*, 253 Mich App at 544. Had the Tribunal allowed petitioner to amend his petition, it would have acted in a "matter over which it lacks jurisdiction"—an action that it is not permitted to do. *Kasberg*, 287 Mich App at 566. Therefore, this argument fails as well.

Third, petitioner argues that his constitutional right to due process was violated when the Tribunal dismissed his case because the previous owner of the property at issue, Onager, LLC,

was not provided notice of the assessments at issue. As stated above, "[t]he owner of real property is entitled to the protection of constitutional due process with respect to the assessment and collection of property taxes." *Spranger*, 308 Mich App at 482-483. Due process minimally requires notice and an opportunity to be heard in a meaningful time and manner. *Id*. at 483. First, there is nothing in the record to support this assertion. Moreover, petitioner claimed before the Tribunal and claims before this Court that he has paid tax arrearages for some of the time period at issue; thus, it follows that he had notice of the assessments when doing so. Finally, like respondent's first and second arguments, this argument also does not change the fact that the Tribunal does not have jurisdiction over petitioner's case for the reasons set forth above. Therefore, this argument also fails.

Petitioner additionally argues that the Tribunal impermissibly made findings of fact when "deciding a motion for summary disposition" and in denying his motion for reconsideration. Again, however, these arguments do not address the crux of the Tribunal's dismissal, i.e., the lack of jurisdiction. The Tribunal is permitted to raise the issue of jurisdiction on its own, *Electric Data Sys Corp*, 253 Mich App at 544, and petitioner does not cite, and we are unable to find, any authority to support a conclusion that the Tribunal must ignore the parties' pleadings in doing so. Indeed, petitioner's petition itself reflects that he failed to protest the assessments at issue before the board of review and the date that the petition was filed before the Tribunal, i.e., the two reasons that rendered dismissal necessary, and these facts have not been disputed. Furthermore, petitioner's contention, assuming it to be true, that the Tribunal made findings of facts with respect to his motion for reconsideration, again, does not change the fact that the Tribunal does not have jurisdiction over petitioner's case for the reasons set forth above, and petitioner provides no authority indicating otherwise. See *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999) ("[W]here a party fails to cite any supporting legal authority for its position, the issue is deemed abandoned."). Therefore, this argument fails, too.

Lastly, petitioner argues that, ultimately, he could be successful in proving constructive fraud against respondent. However, this claim is predicated entirely upon his challenge to the tax assessments at issue, and, again, the Tribunal lacks jurisdiction over those assessments as described above. Thus, any action by the Tribunal that allowed petitioner to move forward on a constructive fraud claim would have been improper. *Electric Data Sys Corp*, 253 Mich App at 544; *Kasberg*, 287 Mich App at 566. Therefore, this argument fails as well.

Affirmed.

/s/ Donald S. Owens
/s/ Stephen L. Borrello
/s/ Colleen A. O'Brien