# STATE OF MICHIGAN

# COURT OF APPEALS

---

KAREN SPRANGER,

        Petitioner-Appellant,

v

CITY OF WARREN,

        Respondent-Appellee.

UNPUBLISHED
August 25, 2016

No.  326964
Tax Tribunal
LC No.  00-440727

---

Before:  OWENS, P.J., and SAWYER and SHAPIRO, JJ.

PER CURIAM.

Petitioner Karen Spranger appeals by right the judgment of the Michigan Tax Tribunal (MTT) on remand that denied her request for a poverty exemption from 2012 property taxes on residential property in the city of Warren.  For the reasons discussed below, we affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

Petitioner submitted a City of Warren Poverty Exemption Application to the respondent's board of review, but petitioner did not list specific amounts of income on the application. Respondent scheduled a special hearing on petitioner's application, but petitioner did not attend because respondent failed to provide her with notice of the hearing.  Respondent's review board denied the petitioner's request as incomplete, and she appealed to the MTT where she attempted to introduce additional evidence.  However, respondent successfully objected because the evidence had not been presented to the board of review.  The MTT concluded that petitioner's qualification for the poverty exemption could not be determined.  Petitioner then appealed to this Court, which held that respondent had denied the petitioner her constitutional right to due process by failing to provide her with notice of her special hearing date and by failing to afford her a meaningful opportunity to be heard. *Spranger v City of Warren*, 308 Mich App 477, 484; 865 NW2d 52 (2014) (*Spranger I*).  This Court reversed the decision of the board of review, vacated the judgment of the MTT, and remanded to the MTT for de novo consideration of petitioner's request for a poverty exemption.  *Id*. at 485.  This Court directed the MTT to "provide petitioner with notice and a meaningful opportunity to be heard, allow petitioner to supplement her original application, and permit petitioner to present evidence and testimony regarding her income, assets, and qualifications for the exemption." *Id*.

The MTT scheduled a hearing on petitioner's application for April 13, 2015. On March 12, 2015, this Court issued *Spranger v City of Warren*, unpublished opinion per curiam of the Court of Appeals, issued March 12, 2015 (Docket No. 319273) (*Spranger II*). At issue was the denial of petitioner's request for a 2012 tax year principal residence exemption (PRE) for the same property in the city of Warren. This Court determined that petitioner "failed to provide competent, material, and substantial evidence to prove by a preponderance of the evidence that she actually occupied [the property] as her one true, fixed, and permanent home for the period at issue as required to receive a PRE." Unpub op at 2. This Court held that the MTT's denial of the PRE was based on competent, material, and substantial record evidence and affirmed its denial of petitioner's request for a PRE. *Id*. at 3.

On March 26, 2015—before the scheduled date for the rehearing in the instant case—the MTT entered an order granting summary disposition under MCR 2.116(I)(1)[1] in favor of respondent. The MTT recognized that this Court had remanded the case for further proceedings in *Spranger I*. But the MTT reasoned that allowing petitioner to present additional evidence would be "irrelevant" because this Court in *Spranger II* determined that petitioner did not occupy the subject property as a principal residence, which was a required precondition not only for the PRE but also for the poverty exemption at issue. The MTT explained that the definition of principal residence was the same for the PRE and poverty exemption, and held that the doctrine of collateral estoppel precluded relitigation of that issue. This appeal ensued.

## II. STANDARD OF REVIEW

"In the absence of fraud, review of a decision by the Tax Tribunal is limited to determining whether the tribunal erred in applying the law or adopted a wrong principle; its factual findings are conclusive if supported by competent, material, and substantial evidence on the whole record." *Mich Bell Tel Co v Dep't of Treasury*, 445 Mich 470, 476; 518 NW2d 808 (1994).

## III. ANALYSIS

Petitioner contends that the MTT improperly denied her request for a poverty exemption to her property taxes. Petitioner asserts that the MTT erred because a taxpayer need not qualify for a PRE in order to qualify for the poverty exemption. But the MTT did not determine that petitioner did not qualify for the poverty exemption because she did not qualify for a PRE. Instead, it determined that she did not qualify for the poverty exemption because she did not occupy the subject property as her principal residence.

---

[1] "If the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the court shall render judgment without delay."

To be eligible for a poverty exemption under MCL 211.7u, a petitioner must, among other requirements, "[b]e an owner of and occupy as a principal residence the property for which an exemption is requested." MCL 211.7u(2)(a). MCL 211.7u(7) provides that for the purposes of the poverty exemption, the term "principle residence" is found in MCL 211.7dd, which defines a principle residence as "the 1 place where an owner of the property has his or her true, fixed, and permanent home to which, whenever absent, he or she intends to return and that shall continue as a principal residence until another principal residence is established." MCL 211.7dd(c). Notably, the definition of principal residence in MCL 211.7dd(c) is used to define that term for the purposes of the PRE found in MCL 211.7cc. See MCL 211.7dd and cc.

In the case now before the Court, the MTT determined that collateral estoppel prevented petitioner from relitigating the issue of her occupancy of the subject property as a principal residence because that issue was determined in *Spranger II*. Collateral estoppel "requires that (1) a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment, (2) the same parties had a full and fair opportunity to litigate the issue, and (3) there was mutuality of estoppel." *Estes v Titus*, 481 Mich 573, 585; 751 NW2d 493 (2008). Mutuality of estoppel "requires that in order for a party to estop an adversary from relitigating an issue that party must have been a party, or in privy to a party, in the previous action." *Monat v State Farm Ins Co*, 469 Mich 679, 684; 677 NW2d 843 (2004).

In *Spranger II*, this Court determined that petitioner failed to demonstrate that during the 2012 tax year she "actually occupied [the property] as her one true, fixed, and permanent home for the period at issue as required to receive a PRE." *Spranger II*, unpub op at 2. Therefore, the *Spranger II* Court specifically addressed petitioner's occupancy of the subject property as a principal residence under MCL 211.7dd(c). Indeed, petitioner's occupancy of the property was the subject of the appeal and was essential to the outcome of the case. *Id*. Thus, this Court determined the question of occupancy in a valid and final judgment.[2] Further, the parties had a full and fair opportunity to litigate the issue and there was no indication in *Spranger II* that petitioner was deprived of due process of law. Finally, mutuality of estoppel existed because the parties in *Spranger II* are the same as the parties now before the Court. Thus, the MTT properly determined that collateral estoppel prevented petitioner from relitigating the issue of occupancy of the subject property, which undermines her request for a poverty exemption. There is no indication that the MTT erred in applying the law or that it adopted a wrong principle.

Next, petitioner contends that the MTT erred by failing to allow her to present additional evidence pursuant to this Court's opinion in *Spranger I*. Petitioner also contends that the MTT denied her due process of law. But petitioner abandoned both arguments by failing to brief their merits or cite any supporting authority. It is not sufficient for a party "simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority

---

[2] We note that petitioner did not appeal from this Court's judgment in *Spranger II*.

either to sustain or reject his position." *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). Accordingly, we need not address these claims and decline to do so.

Affirmed.


/s/ Donald S. Owens
/s/ David H. Sawyer
/s/ Douglas B. Shapiro