# STATE OF MICHIGAN

# COURT OF APPEALS

BETTY D. MERCER,

        Petitioner-Appellant,

v

MUSKEGON TOWNSHIP,

        Respondent-Appellee.

UNPUBLISHED
December 26, 2017

No. 336382
Tax Tribunal
LC No. 16-003449-TT

Before: MURPHY, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

In this case involving ad valorem property taxes assessed by respondent Muskegon Township (the township) on the real property of petitioner Betty D. Mercer, petitioner appeals as of right the order of the Michigan Tax Tribunal (MTT) dismissing her petition that challenged the decision by the township's board of review to deny petitioner's request for a poverty exemption under MCL 211.7u relative to 2016 taxes. The MTT dismissed the petition on the basis that "[p]etitioner failed to appear for a duly-noticed hearing." The MTT did not issue a substantive ruling regarding petitioner's claimed entitlement to a poverty exemption. On appeal, petitioner argues that the MTT erred in not allowing her to fully present evidence at a hearing, that the MTT deprived her of her constitutional right to due process by not affording her an opportunity to present her case at a hearing, and that the board of review and MTT erred in not allowing for the application of the poverty exemption, given that petitioner clearly had inadequate funds to pay her taxes. We reverse and remand for further proceedings.

Petitioner owns residential property in the township that is subject to a principal-residence or homestead exemption. For 2016, the property had an assessed value of $36,800 and a taxable value of $30,334. Petitioner requested a poverty exemption pursuant to MCL 211.7u based on her financial situation.[1]  Subsequently, the township's board of review ruled,

---

[1] MCL 211.7u provides in part:

"POVERTY EXEMPTION DENIED OWNER DOES NOT MEET THE INCOME GUIDELINES."

Petitioner then filed an appeal with the Small Claims Division of the MTT. Petitioner provided the following explanation for the challenge:

The principal owner of the property (my mother)[2] suffers from severe debilitating arthritis and dementia. She receives around the clock care from personal aides. In order to satisfy Medicaid eligibility guidelines and, thus receive the care that she needs, she must maintain total assets below a certain threshold.

(1) The principal residence of persons who, in the judgment of the supervisor and board of review, by reason of poverty, are unable to contribute toward the public charges is eligible for exemption in whole or in part from taxation under this act. This section does not apply to the property of a corporation.

(2) To be eligible for exemption under this section, a person shall do all of the following on an annual basis:

(a) Be an owner of and occupy as a principal residence the property for which an exemption is requested.

(b) File a claim with the supervisor or board of review on a form provided by the local assessing unit, accompanied by federal and state income tax returns for all persons residing in the principal residence, including any property tax credit returns, filed in the immediately preceding year or in the current year. . . .

* * *

(e) Meet the federal poverty guidelines updated annually in the federal register by the United States department of health and human services under authority of section 673 of subtitle B of title VI of the omnibus budget reconciliation act of 1981, Public Law 97-35, 42 USC 9902, or alternative guidelines adopted by the governing body of the local assessing unit provided the alternative guidelines do not provide income eligibility requirements less than the federal guidelines.

---

[2] The record contains a 2009 power-of-attorney signed by petitioner that appointed her son, Kenneth A. Mercer, M.D. (hereafter "Mercer"), to act on her behalf relative to all financial and legal affairs when she becomes unable to do so, which evidently came to pass. Mercer signed the MTT petition on petitioner's behalf, representing her interests. See MCL 205.763 ("A person or legal entity may appear before the division in his own behalf, or may be represented by an attorney or by such other person as the appellant may choose.").

Furthermore, the State of Michigan requires that virtually all her monthly income from Social Security and a small pension be used to pay for her daily custodial care in order to continue to meet this maximum asset threshold. The State of Michigan does permit her to retain her principal residence and still qualify for Medicaid services; in other words, the value of the home is exempt from asset valuation for Medicaid eligibility purpose. Nevertheless, she is impoverished financially and, consequently, does not have sufficient funds to pay the property taxes.

According to a proof of service executed by an MTT clerk, a notice of in-person hearing, with a scheduled hearing date of November 14, 2016, was "sent on the entry date indicated below [August 23, 2016] to the parties or their attorneys or authorized representatives, if any, utilizing either the mailing or email addresses on file, as provided by those parties, attorneys, or authorized representatives." As reflected in the preceding quoted language from the proof of service, the proof of service did not specifically state whether service was made by regular mail or e-mail or both. For purposes of contact information, the petition had provided the address of petitioner herself – the address of the residence at issue, along with a mailing and e-mail address for Mercer, who resided in the Bronx in the state of New York. The MTT notice of hearing warned that failure to appear could result in the dismissal of the case.

On November 21, 2016, the MTT issued an order dismissing the petition on the basis that "[p]etitioner failed to appear for a duly-noticed hearing." In a letter sent by Mercer and received by the MTT on November 29, 2016, Mercer acknowledged receipt of the order of dismissal via his e-mail address and that he had earlier received an e-mail from the MTT notifying him of the assignment of an MTT docket number for the case. Mercer claimed, however, that the notice of hearing was never received in any form or fashion. He asserted that he perused all of his e-mails and did not find any notice of hearing. Mercer requested the MTT to reconsider its decision dismissing the case and to give Mercer and petitioner "the opportunity to represent ourselves in a hearing[.]" On December 12, 2016, the MTT entered an order denying petitioner's motion for reconsideration, reasoning as follows:

> The [MTT] has considered the Motion and the case file and finds that its records reflect that the Notice of Docket Number was issued on July 14, 2016, to Petitioner's representative's email ( . . . @hotmail.com). Petitioner's representative admits to receiving this document. Similarly, the Notice of Hearing was issued on August 23, 2016, to the same email. As such, the [MTT] finds that the contention that the Notice of Hearing was not properly issued is not persuasive.

> Given the above, Petitioner has failed to demonstrate a palpable error relative to the Order of Dismissal that misled the [MTT] and the parties and that would have resulted in a different disposition if the error was corrected.

Petitioner now appeals as of right.

This Court's review of an MTT decision is limited. *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 527; 817 NW2d 548 (2012). " 'In the absence of fraud, error of law or the adoption of wrong principles, no appeal may be taken to any court from any final agency provided for the administration of property tax laws from any decision relating to valuation or allocation.' " *Id.*, quoting Const 1963, art 6, § 28. The MTT's "factual findings are final if they are supported by competent, material, and substantial evidence on the whole record." *Mich Props*, 491 Mich at 527. "We review for an abuse of discretion a decision by the Tax Tribunal to dismiss a petition for failure to comply with its rules or orders." *Grimm v Dep't of Treasury*, 291 Mich App 140, 149; 810 NW2d 65 (2010). In *Spranger v City of Warren*, 308 Mich App 477, 485 n 4; 865 NW2d 52 (2014), this Court observed:

> [T]he Tax Tribunal has exclusive jurisdiction to hear a taxpayer's claim for a poverty exemption following an unsuccessful request before the board of review. Such a proceeding before the Tax Tribunal is original and independent and is considered de novo. The term "de novo" contemplates the taking of new evidence and the presentation of new testimony. Under MCL 205.735a(2), the Tax Tribunal must not simply accept the findings of the board of review, but must make its own independent determination of whether the taxpayer is entitled to the requested exemption. The Tax Tribunal's duty to undertake an independent consideration de novo is particularly great when the board of review has committed a procedural error or when its explanation for denying the requested exemption is inadequate. [Citations, quotation marks, and emphasis omitted.]

Tax exemptions must be strictly construed in favor of the taxing authority. *Spranger*, 308 Mich App at 479. A petitioner has the burden to prove, by a preponderance of the evidence, that the petitioner is entitled to the requested exemption. *Id.* "To be eligible for a poverty exemption under MCL 211.7u, a petitioner must prove, among other things, that he or she meets the poverty guidelines." *Id.*

Petitioner first argues that the MTT erred in not allowing her to fully present evidence at a hearing. Petitioner complains that she provided financial documents and information to the MTT as part of her petition, which demonstrated her extremely limited resources. Petitioner notes that the township denied a poverty exemption with respect to 2015 taxes and that the MTT fully heard that appeal and rendered a final opinion and judgment.[3] Thus, according to petitioner, "there is precedent for hearing the case and for demonstrating a palpable error that could and may have resulted in a different disposition if the case had indeed been heard." Petitioner's second argument is closely connected to her first argument, in that she maintains that the MTT deprived her of her constitutional right to due process by not affording her an opportunity to present her case at a hearing. She asserts that her MTT petition could have been "heard on the file," absent the need for an in-person hearing and that, with respect to the alleged e-mail notice, the MTT had no way of determining or confirming whether the e-mail actually

---

[3] Petitioner fails to indicate how the MTT ruled in that case.

reached petitioner or Mercer. Petitioner contends that the MTT could and should have attempted phone or certified mail notification of the hearing. Finally, petitioner argues that she provided ample information supporting application of the poverty exemption.

The statutes addressing proceedings in relation to residential property and the MTT's Small Claims Division, MCL 205.761 *et seq.*, provide no insight regarding the manner or form of notices. Mich Admin Code, R 792.10285 concerns notices of hearing in the MTT's Small Claims Division and provides:

> Notice shall be sent to the parties or their attorneys or authorized representatives of the time and date of the hearing, if telephonic, and the time, date, and place of the hearing, if by video conference or in-person, not less than 45 days before the hearing, unless otherwise ordered by the tribunal.

And Mich Admin Code, R 792.10211 states:

> Service of decisions, orders, and notices entered in a contested case shall be made on each party at that party's last known mailing or e-mail address, unless an attorney or authorized representative is appearing on behalf of that party. If an attorney or authorized representative is appearing on behalf of that party, then service shall be made on the attorney or authorized representative at his or her last known mailing or e-mail address, as provided in section 52 of the tax tribunal act, MCL 205.752. Service by mail or e-mail on an attorney or authorized representative shall constitute service on his or her office.

Additionally, Mich Admin Code, R 792.10275 provides:

> (1) Petitioner's failure to appear or be represented at a scheduled hearing may result in a dismissal of the contested case.

> (2) The tribunal may, upon request of a party filed with the tribunal before the hearing scheduled in that contested case, conduct a hearing in the absence of a party. If a hearing is conducted with a party being absent, then the tribunal shall render a decision based on the testimony provided by the opposing party or parties, if any, and all pleadings and written evidence properly submitted by all parties not less than 21 days before the date of the scheduled hearing or as otherwise provided by the tribunal under R 792.10287(1).

Here, the MTT order denying petitioner's motion for reconsideration indicated that the MTT's records reflected that the notice of hearing was "issued" to Mercer's e-mail address. We note that there was no request for a hearing in the absence of Mercer or petitioner herself. It appears that the MTT complied with the procedures outlined in the administrative rules, although Mercer claimed that he never received the e-mail concerning the notice of hearing. The problem in this case is that the MTT failed to engage in an examination of various factors before taking the drastic step of dismissing petitioner's appeal or petition. In *Grimm*, 291 Mich App at 149-150, this Court stated and ruled:

Petitioner contends that this Court's evaluation of factors analogous to those cited in *Vicencio v Jaime Ramirez, MD, PC*, 211 Mich App 501; 536 NW2d 280 (1995), would indicate that the dismissal was an abuse of discretion and urges the adoption of similar factors here. In *Vicencio*, this Court summarized the factors that a trial court applying the Michigan Court Rules should consider before imposing the sanction of dismissal, including:

> "(1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice."

> This Court has also evaluated the propriety of Tax Tribunal sanctions by considering similar factors, albeit in unpublished cases. We find the analogy appropriate and adopt the factors summarized in *Vicencio* for the Tax Tribunal to consider before imposing the drastic sanction of dismissal. When considering the sanction of dismissal, the record should reflect that the Tax Tribunal gave careful consideration to the factors involved and considered all its options in determining what sanction was just and proper in the context of the case before it. [Citations and quotation marks omitted.]

In the instant case, there is nothing in the record indicating that the MTT considered the factors enumerated in *Grimm*, nor that it contemplated options that would be just and proper in the context of the case; it simply dismissed the petition outright. Indeed, looking at the *Grimm* factors, there is nothing in the record to indicate that Mercer willfully ignored the notice of hearing, that petitioner had a history of refusing to comply with MTT orders, that the township was prejudiced,[4] that there existed a history of deliberate delay, that petitioner did not attempt to cure the failure to appear, or that the sanction of dismissal served the interests of justice. Under these circumstances, we reverse the order of dismissal and reinstate the petition for a substantive ruling on petitioner's claim of a poverty exemption.

Moreover, in regard to notice and due process protections relative to taxes, the *Spranger* panel stated as follows:

> The owner of real property is entitled to the protection of constitutional due process with respect to the assessment and collection of property taxes. At a minimum, due process requires notice and an opportunity to be heard in a meaningful time and manner. A local board of review is required to provide constitutionally adequate notice in a manner that is consistent with due-process principles. [*Spranger*, 308 Mich App at 482-483 (citations omitted).]

---

[4] The township has not submitted a brief on appeal.

Our ruling above alleviates our concern, on a constitutional level, of the possibility that the e-mailed notice of hearing may not have ever reached Mercer. The order denying the motion for reconsideration did not indicate that the MTT's records or computer files showed, assuming such a capacity, that the e-mail was opened or received. We also find troublesome the proof of service employed by the MTT that did not specifically state how service was actually accomplished; the proof should state exactly how service was made and not that it was simply made "utilizing either the mailing or email addresses on file."

Reversed and remanded for further proceedings consistent with this opinion.[5] We do not retain jurisdiction. Having fully prevailed on appeal, petitioner is awarded taxable costs under MCR 7.219.

/s/ William B. Murphy
/s/ Michael J. Kelly
/s/ Brock A. Swartzle

---

[5] We note that, absent an initial ruling by the MTT on the claimed poverty exemption, we cannot entertain consideration of that matter in the first instance, nor resolve the issue, given jurisdictional boundaries.