*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FOLARD B. WILLIAMS,

Petitioner-Appellee,

v

CITY OF EASTPOINTE,

Respondent-Appellant.

UNPUBLISHED
July 11, 2019

No. 344942
Tax Tribunal
LC No. 18-000074-TT

Before: M. J. KELLY, P.J., and MARKEY and GLEICHER, JJ.

PER CURIAM.

The city of Eastpointe denied petitioner's request for a disabled veteran property tax exemption and she appealed to the Michigan Tax Tribunal (MTT) Small Claims Division. Following a hearing, and after reviewing the documents presented by both parties, the MTT determined that petitioner was entitled to the exemption. We affirm.

## I. BACKGROUND

Petitioner was married to an honorably discharged, disabled veteran who passed away before he could secure a property tax exemption for their marital home in Eastpointe pursuant to MCL 211.7b(1). MCL 211.7b(2) permits a disabled veteran's surviving spouse to claim the exemption as well, however. In October 2017, petitioner filed an affidavit with the city requesting the exemption. Petitioner indicated that her husband "received pecuniary assistance due to disability for specially adapted housing" while he was alive. The city denied petitioner's request because she failed to attach a certificate from the United States Department of Veterans Affairs (VA).

Petitioner appealed and the MTT Small Claims Division reversed. Petitioner presented a June 7, 2018 letter from the VA "certif[ying]" that petitioner received $391 monthly ($4,692 annually) for "non service-connected death pension." This document was not relevant to the issues before the MTT. The city presented a November 28, 2017 letter indicating that petitioner's husband was considered 90% disabled and an October 19, 2017 letter "verify[ing]" that he received $3,078.11 in monthly benefits. At the unrecorded and untranscribed hearing before the MTT, petitioner testified that her husband was actually 100% disabled as evidenced

by the amount of benefits he received. The MTT consulted the VA's official website and confirmed that a 90% disabled veteran would receive only $2,041.68 in benefits, while a 100% disabled veteran receives $3,139.67. Accordingly, the MTT found that petitioner qualified for the exemption. The city now appeals.

## II. ANALYSIS

The city contends that the MTT erred by granting the petition for a disabled veteran property tax exemption because petitioner failed to present competent, material, and substantial evidence to support her petition. Absent a claim of fraud, we review MTT decisions "for misapplication of the law or adoption of a wrong principle." *Briggs Tax Serv, LLC v Detroit Pub Sch*, 485 Mich 69, 75; 780 NW2d 753 (2010). The MTT's factual findings are "conclusive if they are supported by 'competent, material, and substantial evidence on the whole record.' " *Id*. "Substantial evidence is the amount of evidence that a reasonable person would accept as being sufficient to support a conclusion; it may be substantially less than a preponderance of the evidence." *Wayne Co v Mich State Tax Comm*, 261 Mich App 174, 186-187; 682 NW2d 100 (2004). As with any executive tribunal's judgment, we may not interfere with the MTT's "credibility determinations" or resolutions as to conflicting evidence. *Dep't of Community Health v Risch*, 274 Mich App 365, 372; 733 NW2d 403 (2007). We "may not set aside factual findings supported by evidence merely because alternative findings could also have been supported by evidence on the record or because the court may have reached a different result." *Id*. at 373. And we may not second-guess the MTT's discretionary decisions regarding the weighing of the evidence. *Great Lakes Div of Nat'l Steel Corp v City of Ecorse*, 227 Mich App 379, 404; 576 NW2d 667 (1998).

The disabled veteran property tax exemption is governed by MCL 211.7b as follows:

(1) Real property used and owned as a homestead by a disabled veteran who was discharged from the armed forces of the United States under honorable conditions or by an individual described in subsection (2) is exempt from the collection of taxes under this act. To obtain the exemption, an affidavit showing the facts required by this section and a description of the real property shall be filed by the property owner or his or her legal designee with the supervisor or other assessing officer during the period beginning with the tax day for each year and ending at the time of the final adjournment of the local board of review. . . .

(2) If a disabled veteran who is otherwise eligible for the exemption under this section dies, either before or after the exemption under this section is granted, the exemption shall remain available to or shall continue for his or her unremarried surviving spouse. The surviving spouse shall comply with the requirements of subsection (1) and shall indicate on the affidavit that he or she is the surviving spouse of a disabled veteran entitled to the exemption under this section. The exemption shall continue as long as the surviving spouse remains unremarried.

(3) As used in this section, "disabled veteran" means a person who is a resident of this state and who meets 1 of the following criteria:

(a) Has been determined by the [VA] to be permanently and totally disabled as a result of military service and entitled to veterans' benefits at the 100% rate.

(b) Has a certificate from the [VA], or its successors, certifying that he or she is receiving or has received pecuniary assistance due to disability for specially adapted housing.

(c) Has been rated by the [VA] as individually unemployable.

Petitioner "b[ore] the burden of establishing [her] entitlement to the exemption" before the MTT. *Midwest Power Line, Inc v Dep't of Treasury*, 324 Mich App 444, 446; 921 NW2d 543 (2018). In her original petition to the city, petitioner cited MCL 211.7b(3)(b), which requires a VA certificate indicating that the veteran received "pecuniary assistance due to disability for specially adapted housing." Petitioner failed to present such a certificate to the city, leading to its rejection.

Before the MTT, petitioner instead focused her argument on MCL 211.7b(3)(a), claiming that the amount of the benefit provided to her late husband established that the VA considered him 100% disabled. Petitioner supported her claim with her testimony. The MTT found petitioner credible, specifically stating in its findings of fact, "Petitioner testified that her husband received benefits at the 100% rate of $3,500 per month." The city asserts that petitioner's testimony was riddled with "conflicting testimony." We may not interfere with the tribunal's credibility assessment. Indeed, we could have no ground to find petitioner incredible where the hearing was not recorded or transcribed for our review.[1]

The city further contends that petitioner's claim was not supported by competent, material, and substantial evidence given that the MTT stated that she "failed to submit any helpful documentary evidence." Again, petitioner could and did support her claim with her testimony, which the MTT was free to credit. However, the city's own documentary evidence supports the MTT's finding. Specifically, the city presented an October 19, 2017 letter from the VA indicating that petitioner's late husband received more than $3,000 in monthly benefits. The MTT determined that the VA only awarded that amount of benefits to veterans deemed 100% disabled. This was sufficient to establish entitlement to an exemption under MCL 211.7b(3)(a).

The city complains that the November 28, 2017 VA letter negates petitioner's exemption claim because it describes petitioner's late husband's "combined service-connected evaluation" as only 90% disabled. As noted, however, other documentation from the VA and information on the VA website counters that assessment and reveals that the deceased was actually considered 100% disabled by the VA. Specifically, the VA website defines the level of benefits available to veterans depending on their level of disability. The actual benefits awarded to the deceased in this case are commensurate with someone who is 100% disabled.

---

[1] MCL 205.762(2) provides that a "formal record" of a hearing before the Small Claims Division is not required. The city could have requested transfer to the whole tribunal, MCL 205.764(2), where a formal record would have been created, MCL 205.746(2).

This leads to the city's next complaint, that the MTT improperly assisted petitioner by conducting research on her behalf. Petitioner did not provide the MTT with the benefit levels listed on the VA website; she only testified about that information. The United States Supreme Court has held that courts "have no obligation to act as counsel or paralegal to *pro se* litigants" and that litigants representing themselves have no constitutional right to assistance or instruction from the court. *Piller v Ford*, 542 US 225, 231; 124 S Ct 2441; 159 L Ed 2d 338 (2004). However, the city cited no caselaw forbidding a court or tribunal from providing any assistance. And in this case, the MTT did not busy itself to find support for petitioner's claims or arguments. Rather, petitioner testified about information on the VA website that supported her claim and the MTT reviewed the website to verify the accuracy or veracity of petitioner's statement.

Finally, the city challenges the MTT's consideration of petitioner's claim under MCL 211.7b(3)(a), when she cited only subsection (b) in her initial petition. However, "[a] proceeding before the [MTT] is original and independent and is considered de novo." MCL 205.735a(2). Proceedings before the MTT are designed to allow a petitioner to supplement his or her original application for a property tax exemption and present new evidence in support of the application. *Spranger v Warren*, 308 Mich App 477, 485; 865 NW2d 52 (2014). As described by this Court in *Heindlmeyer v Ottawa Co Concealed Weapons Licensing Bd*, 268 Mich App 202, 218; 707 NW2d 353 (2005), at a "hearing de novo," the tribunal or court may take new evidence and hear new testimony. The tribunal is required "to conduct its own hearing as if no hearing had been conducted in the lower tribunal and to arrive at an independent conclusion." *Id*. Accordingly, the MTT committed no error in resolving this matter pursuant to MCL 211.7b(3)(a), rather than (b).

We affirm.

/s/ Michael J. Kelly
/s/ Jane E. Markey
/s/ Elizabeth L. Gleicher