*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CLIFFORD W. WINKLER,

        Petitioner-Appellant,

UNPUBLISHED
August 24, 2023

v

No. 362586
Tax Tribunal
LC No. 22-002271-TT

TOWNSHIP OF MARKEY,

        Respondent-Appellee.

Before: GADOLA, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

Respondent uncapped and reassessed the taxable value of petitioner's property. The record does not demonstrate, however, that petitioner was afforded the required notice concerning his ability to appeal the reassessments. Accordingly, we vacate and remand to the Tax Tribunal for proceedings consistent with this opinion.

## I. BACKGROUND

On April 13, 2022, respondent mailed petitioner affidavits and notices regarding the uncapping, reassessment, and tax delinquency of petitioner's property under MCL 211.27b. None of the affidavits or notices, however, informed petitioner about his right to appeal the decisions. Petitioner filed an appeal on May 27, 2022, with the Tax Tribunal to challenge respondent's uncapping and reassessment. The Tax Tribunal dismissed petitioner's appeal, stating that it was not filed within 35 days after the final decision, ruling, or determination that was being challenged. Petitioner moved for reconsideration, arguing that he was given no instructions on how to appeal the decisions and his response was delayed by the COVID-19 pandemic. The Tax Tribunal denied petitioner's motion for reconsideration.

Petitioner now appeals.

## II. ANALYSIS

This Court is limited in its review of a Tax Tribunal's decision. *Campbell v Dep't of Treasury*, 509 Mich 230, 237; 984 NW2d 13 (2022). Unless there is a claim of fraud, this Court

-1-

reviews Tax Tribunal decisions to determine whether that tribunal misapplied the law or adopted a wrong legal principle. *Wilson v City of Grand Rapids*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 358657); slip op at 3. This Court will not disturb the tribunal's factual findings so long as they are supported by competent, material, and substantial evidence on the whole record. *Id*. at ___. Additionally, this Court reviews questions of law de novo. *Id*. at ___.

"The Tax Tribunal is charged with original jurisdiction over tax proceedings." *Michigan Props, LLC v Meridian Twp*, 491 Mich 518, 541; 817 NW2d 548 (2012) (cleaned up). "If the taxable value of property is increased under [MCL 211.27b], the appropriate assessing officer shall immediately notify by first-class mail the owner of that property of that increase in taxable value." MCL 211.27b(6). Additionally, "[a] buyer, grantee, or other transferee may appeal any increase in taxable value or the levy of any additional taxes, interest, and penalties under subsection (1) to the Tax Tribunal *within 35 days of receiving the notice of the increase in the property's taxable value*." MCL 211.27b(6) (emphasis added). An appeal under MCL 211.27b(6) "is limited to the issues of whether a transfer of ownership has occurred and correcting arithmetic errors." MCL 211.27b(6).

"The Legislature provided for the Tax Tribunal's subject-matter jurisdiction under MCL 205.731." *New Covert Generating Co, LLC v Twp of Covert*, 334 Mich App 24, 48-49; 964 NW2d 378 (2020). Consequently, the Tax Tribunal lacks the jurisdiction to consider an appeal that is outside the 35-day statutory period of limitations, MCL 205.735a(6), and it also "does not have jurisdiction over constitutional questions," *Spranger v City of Warren*, 308 Mich App 477, 484; 865 NW2d 52 (2014).

In this case, petitioner does not argue that he timely submitted his Property Tax Appeal Petition Form. Nor does petitioner challenge the Tax Tribunal's lack of jurisdiction. Instead, petitioner argues that his constitutional due-process rights were violated because the affidavits and reassessments he received failed to inform him of his right to appeal.

Petitioner did not raise this issue before the Tax Tribunal and, therefore, it is unpreserved. *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 386; 803 NW2d 698 (2010). "Although this Court need not address an unpreserved issue, it may overlook preservation requirements when the failure to consider an issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Id*. at 387. Because the issue petitioner raises presents a question of law and the facts necessary to resolve it have been presented, we may address it. *Id*. This Court reviews "unpreserved claim[s] of constitutional error for plain error affecting the outcome of the proceeding." *Lima Twp v Bateson*, 302 Mich App 483, 503; 838 NW2d 898 (2013).

The United States and Michigan Constitutions guarantee that no person shall be deprived "of life, liberty, or property, without due process of law." US Const, Am XIV, § 1; Const 1963, art 1, § 17. "The owner of real property is entitled to the protection of constitutional due process with respect to the assessment and collection of property taxes." *Spranger*, 308 Mich App at 482-483. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v Central Hanover Bank & Trust Co*, 339 US 306, 314; 70 S Ct 652; 94 L

Ed 865 (1950). Indeed, "[t]he 'opportunity to be heard' includes the right to notice of that opportunity." *Dow v State*, 396 Mich 192, 205; 240 NW2d 450 (1976). "The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance." *Mullane*, 339 US at 314. Furthermore, "the means employed to notify interested parties must be more than a mere gesture; they must be means that one who actually desires to inform the interested parties might reasonably employ to accomplish actual notice." *Sidun v Wayne Co Treasurer*, 481 Mich 503, 509; 751 NW2d 453 (2008), citing *Mullane*, 339 US at 315.

In this case, petitioner specifically argues that the "Michigan State Tax Commission Bulletin No. 8 of 1996" provides guidance that respondent did not follow. This bulletin, however, was rescinded and replaced by the "Michigan State Tax Commission Bulletin No. 20 of 2017." Nevertheless, the operative language that petitioner cites remained in the 2017 bulletin; namely, that the taxing authority "shall also advise the owner of his/her right to appeal to the Tax Tribunal by letter within 35 days of the notice." Petitioner ignores, however, that the bulletin does not have the force or effect of law because it is neither a statute nor a rule as defined by the administrative procedures act of 1969, MCL 24.201 *et seq*.

With that said, petitioner raises a colorable issue regarding his constitutional right to due process. A panel of this Court dealt with an issue similar to petitioner's in *Mulcrone v City of St Ignace*, unpublished per curiam opinion of the Court of Appeals, issued October 24, 2017 (Docket No. 336773). Although unpublished opinions of this Court are not binding precedent, MCR 7.215(C)(1), *Mulcrone* is instructive. In *Mulcrone*, the petitioner received notices that his property had been uncapped and reassessed for a higher property tax value. *Id*. at 1. Similar to petitioner in this case, the petitioner in *Mulcrone* did not file an appeal to the Tax Tribunal until after 35 days. *Id*. at 2. Additionally, the petitioner in *Mulcrone* also argued that the notices were constitutionally deficient because they did not comply with "Michigan State Tax Commission Bulletin No. 8 of 1996." *Id*. at 4. A panel of this Court held that the notices satisfied the petitioner's due-process rights because the notices informed the petitioner about his right to challenge those decisions in the Tax Tribunal. *Id*. at 6. Specifically, the notices provided contact information for the tribunal so that petitioner could pursue his right of appeal as well as information regarding his ability to appeal. *Id*. Accordingly, this Court held that "[u]nder the circumstances, the fact that the letter did not comply with the corrective procedure outlined in the [State Tax Commission's] bulletin does not rise to the level of a constitutional violation." *Id*. (cleaned up).

Unlike the notices in *Mulcrone*, the notices in this case not only lack information about an appeal deadline but they also lack any information about petitioner's right to appeal. Nor did petitioner's notices contain the tribunal's contact information. Based on the record that was presented to this Court, there is no indication that respondent provided petitioner notice that was reasonably calculated to alert petitioner to the avenues available for challenging the increase in the taxable value of petitioner's property, as required by the United States' and Michigan's Constitutions. *Dow*, 396 Mich at 205.

There is nothing in the record presented to this Court that petitioner was provided due process, and we cannot presume that proper notice was sent. The Tax Tribunal did not, rightfully, establish a record concerning petitioner's due-process rights because it does not have the jurisdiction to consider constitutional claims. *Spranger*, 308 Mich App at 484. Further,

respondent has chosen not to participate in these proceedings either before the tribunal or now on appeal before this Court.

Thus, based on this record, it appears that respondent violated petitioner's right to due process by failing to ensure that he was adequately notified about his meaningful opportunity to be heard. "Although the error in this case was committed by respondent," "the only available remedy is a remand for a new hearing before the Tax Tribunal." *Spranger*, 308 Mich App at 484.

## III. CONCLUSION

The record does not substantiate that petitioner was given the meaningful opportunity to be heard because he was not given the appropriate notices as required by due process. Therefore, the dismissal is vacated and this case is remanded to the Tax Tribunal to accept petitioner's appeal as timely.

Remanded for proceedings consistent with this opinion.

/s/ Michael F. Gadola
/s/ Michael J. Kelly
/s/ Brock A. Swartzle